## McAleer, Appellant, *v.* Good.

*Malicious prosecution—Unlawful arrest—False imprisonment—Arrest—Police officers.*

To constitute an arrest, it is not necessary that there be an application of actual force, or manual touching of the body, or such physical restraint as to be visible to the eye.

Where two policemen go to a man's house, and in some manner succeed in getting him to accompany them to the office of the chief of police, who searches him, and afterwards has him incarcerated in prison, such officers may be held liable as parties in an action for unlawful arrest.

If an arrest of one person is made at the instance of another, with the latter's knowledge and consent, it is sufficient to make him liable as a party, although he may not have expressly directed the officer to make the arrest.

In an action for unlawful arrest and false imprisonment, the burden is upon the defendant to show that the arrest was made by authority of the law.

Constables and other police officers, who arrest persons suspected of having committed felony, in actions for damages, should be allowed to defend upon like principles as a private person, who causes an arrest by a complaint on oath, for it is the duty of those officers to make such arrest. If an officer wantonly and maliciously arrests an innocent man, he ought to be liable in quite as heavy punitive damages as a private person would be for a causeless and malicious prosecution; but if without notice, and in the honest endeavor to arrest and bring a felon to justice, he takes an innocent person, who was justly suspected, he should not suffer at all.

Argued Oct. 24, 1906. Appeal, No. 94, Oct. T., 1906, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1903, No. 71, refusing to take off nonsuit in case of Harry McAleer, by his mother and next friend, Elizabeth McAleer, *v.* Albert R. Good, Frederick Lamp and John, alias Brocky, Moore. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Trespass for unlawful arrest and false imprisonment. Before BROWN, J.

At the trial it appeared that Frederick Lamp and John Moore were police officers of the city of McKeesport. On October 9, 1902, they went to the house where the plaintiff, a boy of nineteen years of age, resided, and in some way induced him to go to the office of the chief of police. There he was charged by the chief of police with stealing diamond earrings

belonging to the wife of Albert Good, another of the defendants. There was evidence that the arrest was made at the instance of Good. The plaintiff was searched and imprisoned for over twenty-four hours, and then discharged after the diamonds had been found by the owner in her own house.

The court entered a compulsory nonsuit which it subsequently refused to take off, BROWN, J., filing the following opinion:

The compulsory nonsuit was entered because the testimony failed to establish a joint act by the three defendants (Good, Lamp and Moore) charged with the false arrest and imprisonment of the plaintiff.

On October 9, about nine o'clock in the morning, Lamp and Moore went to the residence of the plaintiff, and Lamp, without producing a warrant, or saying that he had one, or that he had come to arrest him, said to the plaintiff that Chief Morrisy wished to see him; and thereupon the plaintiff went with them to the private office of the chief.

Chief Morrisy, after fifteen or twenty minutes' talk with the plaintiff, had him locked up. But there is not a syllable of testimony that Lamp or Moore had anything to do with arresting or locking him up. Their connection with the affair, so far as the testimony shows, was nothing more than the act of messengers sent to deliver to plaintiff a message that Chief Morrisy wished to see him. Motion to take off nonsuit is refused.

*Error assigned* was the order of the court.

*F. C. McGirr*, with him *John Marron*, for appellant.—In making an arrest it is not necessary that the party making the arrest shall even touch the person of the arrested party, but it is enough if the arrested party is in the power of the party making the arrest and submits to the arrest, with the knowledge that he is being arrested: Mowry v. Chase, 100 Mass. 79; Gold v. Bissell, 1 Wend. (N. Y.) 210; Jones v. Jones, 13 Ired. (N. C.) 448; Ahern v. Collins, 39 Mo. 145; Searls v. Viets, 2 Thomp. & C. (N. Y.) 224; Russen v. Lucas, 1 C. & P. 153; Darling v. Kelly, 113 Mass. 29; Johnson v.

Tompkins, 1 Baldwin (U. S. C. C.), 571; Emery v. Chesley, 18 N. H. 198; McCracken v. Ansley, 4 Strob. (S. C.) 1.

It has been decided that the real instigator of a malicious prosecution cannot relieve himself from liability by showing that he was not the prosecutor of record: Baker v. Moore, 29 Pa. Superior Ct. 301; Flinn v. Graham, 3 Pitts. 195; McCarthy v. DeArmit, 99 Pa. 63; Grohmann v. Kirschman, 168 Pa. 189; Butler v. Stockdale, 19 Pa. Superior Ct. 98; Burk v. Howley, 179 Pa. 539.

No appearance contra.

Opinion by Mr. Justice Elkin, January 7, 1907:

This is an action for unlawful arrest and false imprisonment. The learned trial judge, after hearing the plaintiff's evidence, directed a compulsory nonsuit to be entered with leave to move the court in banc to take it off. A motion to take it off was accordingly made and refused. The ruling is based on the ground that the testimony produced by the plaintiff failed to establish a joint act by the three defendants and did not show that Lamp and Moore had anything to do with the arrest and imprisonment of McAleer. We do not so read the testimony. This being a judgment of nonsuit, the evidence produced by the plaintiff must be accepted as true. It will not be seriously contended that to constitute an arrest, there must be an application of actual force, or manual touching of the body, or such physical restraint as to be visible to the eye. Such is not the law. All the authorities agree an arrest may be made either with or without a manual or actual touching by the officer. However, the manner of making the arrest would seem to be unimportant in view of the fact that Lamp and Moore went to the house of McAleer and in some manner succeeded in getting him to accompany them to the office of the chief of police, who searched him and afterwards had him incarcerated in prison from about noon of the day of the arrest until four p. m. the next day. These facts indicate that the defendants were acting parts in the machinery set in motion by the chief of police, which resulted in the imprisonment complained of. As to Good, it need only be said that if the arrest was made at his instance, with his knowledge and consent, it is sufficient to make him liable as a party, although

he may not have expressly directed the officer to make the arrest: Burke v. Howley, 179 Pa. 539.

Again, it must not be overlooked that in an action for unlawful arrest, and false imprisonment, the burden is upon the defendants to show that it was by authority of law: McCarthy v. DeArmit, 99 Pa. 63. In this respect, the rule as to the burden of proof is not analagous to an action for malicious prosecution wherein it has been held to be the duty of plaintiff to affirmatively show want of probable cause.

In the case at bar, the testimony was sufficient, if believed, to cast on the defendants the burden of showing probable cause for the arrest and imprisonment. The rule applicable to such cases is very well stated in McCarthy v. DeArmit, 99 Pa. 63, wherein Mr. Justice TRUNKEY, who delivered the opinion of the court, said, "Constables and other police officers, who arrest persons suspected of having committed felony, in actions for damages, should be allowed to defend upon like principles as a private person, who causes an arrest by a complaint on oath; for it is the duty of those officers to make such arrests. If an officer wantonly and maliciously arrests an innocent man, he ought to be liable in quite as heavy punitive damages as a private person would be for a causeless and malicious prosecution; but if without notice, and in the honest endeavor to arrest and bring a felon to justice, he takes an innocent person, who was justly suspected, he should not suffer at all."

These are matters to be determined at the trial of the case. Judgment reversed and a procedendo awarded.