# Reach *v.* Quinn.

## *Malicious Prosecution.*

(Decided Jan. 19, 1909.   48 South. 540.)

1. *Appeal and Error; Record; Questions Presented; Demurrer.*—
Where the record fails to disclose what the amendment to a com-
plaint was, and the minute entry recites that the demurrer was sus-
tained to the count as amended, the court's action relative to the de-
murrer to the amended count cannot be reviewed.

2. *Malicious Prosecution; Complaint; Sufficiency.*—A count in ma-
licious prosecution should aver the issuance of process; so a count
averring only that the defendant maliciously and without probable
cause therefor made an affidavit against the plaintiff charging him
with refusing or failing to work the public road, and as a proximate
consequence thereof plaintiff was arrested, and required to give bond,
and that the charge had been judicially investigated and plaintiff dis-
charged is insufficient. And the count is insufficient as a count in
trespass for false imprisonment, because it fails to aver that the de-
fendant arrested and imprisoned plaintiff or caused it to be done.

3. *Warrants of Arrest; Signature; Validity.*—A warrant of arrest
issued by a justice of the peace, but not signed by him officially or
with the initials of his office, and the official character of the signa-
ture nowhere appearing thereon, is invalid, although it is signed by
the individual who is the justice. (Sec. 5208, Code 1896.)

4. *Evidence; Judicial Notice; Justices of the Peace.*—While the
court takes judicial notice of who are the justices of the peace, yet
the court cannot judicially know that there are not others of the
same name, and hence cannot judicially know that the signature is
that of the Justice of the peace issuing process, where the same is
signed, individually, and without insignia of office of any kind.

5. *Same; Parol Evidence; Adding to Terms of Writing.*—A war-
rant of arrest can not be aided as to its validity by parol evidence
to show that the person who signed it was a Justice of the Peace;
warrants should be valid on their face to authorize their execution.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by W. L. Reach against Oliver J. Quinn.
From the judgment, both parties appeal. Affirmed.

The fifth count was as follows: "Plaintiff claims of
defendant said sum of $500 as damages, for that said de-
fendant maliciously and without probable cause therefor

[Reach v. Quinn.]

made an affidavit against plaintiff on a charge of re-
fusing to work the public road, and as the proximate re-
sult of the making of such affidavit the plaintiff was ar-
rested, as the defendant intended he should be, and re-
quired to give bond for his appearance for trial upon
said charge before J. W. Jones, justice of the peace of
beat 11, Bibb county, Ala.; and plaintiff avers that such
charge had been judicially investigated and determined,
and plaintiff herein discharged. And plaintiff avers that
by reason of such prosecution the plaintiff lost one day's
work, of the reasonable value of $6, for which he special-
ly sues." The demurrers raised the question decided in
the opinion.

LAVENDER & THOMPSON, for appellant. The counts
were each in trespass for false imprisonment, and the de-
murrers were improperly sustained thereto.—8 Ency P.
& P. 845; *Rich v. McInery*, 103 Ala. 345; *Cliften v. Gray-
son*, 2 Stew. 412. Count 5 was good as a count for false
imprisonment.—*Field v. Ireland*, 21 Ala. 240; *Davis v.
Sanders*, 133 Ala. 275. There was no departure.—
*O'Neal v. McKenna*, 116 Ala. 608. Technical accuracy is
not required in proceedings before a justice of the peace,
and it cannot be said that the official capacity does not
in some way appear from this warrant.—*Hyde v. Adams*,
80 Ala. 111; *Watts v. Womack*, 44 Ala. 605; *Albritton v.
Williams*, 32 Ala. 647; *McCartney v. Branch Bank*, 3
Ala. 709. The court takes judicial knowledge of the
officers of the state, and their signature.—*Whitney v.
Jasper L. Co.*, 119 Ala. 497; *Carey v. The State*, 76 Ala.
78; *Sandlin v. Anderson*, 76 Ala. 405; *Coleman v. The
State*, 63 Ala. 93. The warrant was sufficient.—*Brown
v. The State*, 63 Ala. 97.

DANIEL COLLIER, and JOHN T. ELLISON, for appellee.
The counts were in case for malicious prosecution.—

*Davis v. Sanders,* 133 Ala. 278; *Southern C. Co. v. Adams,* 121 Ala. 157; 97 Ala. 626. They were, therefore, wanting in material averments.—*McLeod v. McLeod,* 75 Ala. 483; *Foster v. Napier,* 73 Ala. 595; 73 Ala. 42; *Shepherd v. Furniss,* 19 Ala. 760. There was no error in excluding the warrant.—*Oates v. Bullock,* 136 Ala. 546; *Chambliss v. Blair,* 127 Ala. 86. All presumptions are indulged in favor of the ruling of the trial court.— 105 Ala. 201; 114 Ala. 131; 101 Ala. 265. The bill of exceptions should be stricken.—*Beale v. The State,* 99 Ala. 234.

DOWDELL, J.—The first assignment of error goes to the ruling of the court below in sustaining a demurrer to the fourth count as amended. The minute entry recites that the demurrer to the fourth count as amended is sustained, but it nowhere appears from the record in what the amendment to the fourth count consisted. In this state of the record, not knowing in what the amendment consisted, we cannot review the court's action.

The fifth count, whether intended as a count in case for a malicious prosecution or as a count in trespass for false imprisonment, was in either aspect faulty, and subject to the demurrer interposed. As a count in case for malicious prosecution, it is faulty in omitting to aver the issuance of process.—*Davis v. Sanders,* 133 Ala. 275, 32 South. 499, and authorities there cited. As a count in trespass for false imprisonment, it fails to aver that the defendant was arrested and imprisoned, or caused to be arrested and imprisoned, the plaintiff. Manifestly it was intended by the pleader as a count in case for malicious prosecution, since it contains all of the necessary averments of such a complaint (form 20, Code 1896, p. 947, c. 91), except the averment of the issuance of the warrant.

[Reach v. Quinn.]

There was no error in excluding the warrant offered in evidence. Section 5208 of the Criminal Code of 1896, in reference to warrants, provides, among other things: "And the warrant must be signed by the magistrate, with his name and initials of office, or the same must in some way appear from the warrant." The statute in the latter clause of the foregoing extract seems to emphasize the requirement as to the signature of the officer and the initials of his office appearing on the warrant in order to give it validity. The warrant offered in evidence was signed by "J. W. Jones" as an individual, and not in any official character, or with the initials of his office, and this nowhere appeared on the warrant. It is no answer in such case to say that the courts judicially know who are justices of the peace. This would be true if J. W. Jones had signed the warrant in his official character, by designating himself as such officer by the initials of his office, or letting that fact somewhere appear on the warrant. We cannot judicially know that there is but one J. W. Jones, and hence when J. W. Jones signs a paper as an individual, without more, we cannot judicially know that he is a particular officer. We do not think that the paper can be aided as to its validity by parol evidence of the fact that the J. W. Jones who signed it was a justice of the peace. The warrant should be valid on its face to justify the officer in executing it. In this connection, see *Oates v. Bullock,* 136 Ala. 537, 33 South. 835, 96 Am. St. Rep. 38.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

SIMPSON, ANDERSON, and MCCLELLAN, JJ., concur.