(94 South. 737)

## AMERICAN RY. EXPRESS CO. v. SUMMERS. (6 Div. 720.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Granted Dec. 7, 1922.)

**1. Pleading ⊚⇒64(2)—Count held not to state two causes of action.**

A count averring that defendant's servant or agent wrongfully arrested and imprisoned the plaintiff, or wrongfully caused the plaintiff to be arrested and imprisoned for a long time, was not demurrable as containing two distinct and inconsistent causes of action.

**2. False imprisonment ⊚⇒7(4) — Express direction to officer to make arrest unnecessary.**

An inference that defendant caused officers to arrest plaintiff may be drawn from facts and circumstances, and it is not essential that there should be evidence of express command or direction to the officers.

**3. Arrest ⊚⇒64—When private citizen may arrest for felony.**

A private individual, when called upon to justify an arrest for a felony without a warrant, must show that a felony had actually been committed, and that he had reasonable grounds for believing the person arrested to be guilty, under Code 1907, §§ 6269, 6273.

**4. False imprisonment ⊚⇒7(4)—Private individual could rely on reasonable cause as justification for arrest without warrant.**

Defendant, who procured plaintiff's arrest by a public officer without warrant, could rely in justification therefor upon the fact that the officer who made the arrest had reasonable cause to believe that plaintiff had committed a felony, under Code 1907, § 6269.

**5. False imprisonment ⊚⇒31—Probable cause held established by proof so as to require a new trial.**

In action for damages for false imprisonment, evidence as to actual commission of a felony and as to good faith and probable cause on the part of those participating in the arrest without a warrant *held* such that judgment for plaintiff could not stand, and trial court erred in refusing a new trial.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action for false imprisonment by Fletcher Summers against the American Railway Express Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Tillman, Bradley & Baldwin, of Birmingham, for appellant.

Two or more distinct causes of action cannot be stated in the alternative in the same count. 181 Ala. 499, 61 South. 361; 144 Ala. 608, 42 South. 39; 110 Ala. 491, 18 South. 110; 116 Ala. 302, 22 South. 509; 94 Ala. 413, 10 South. 274; 131 Ala. 591. 32 South. 507; 137 Ala. 454, 34 South. 988; 134 Ala. 354, 32 South. 778; 129 Ala. 523. 30 South. 623; 136 Ala. 191, 34 South. 194; 154 Ala. 197, 45 South. 296; Code 1907, § 5321. Where there is no conflict in the testimony, the question of probable cause is one of law. 19 Ala. 605; 75 Ala. 485; 167 Ala. 122, 52 South. 392. Stealing of any goods from a railroad car, moving in interstate commerce, is a felony. U. S. Comp. St. § 8603; Barnes' Fed. Code, § 7927.

London, Yancey & Brower, of Birmingham, for appellee.

Count 5 was not subject to demurrer. 159 Ala. 340, 48 South. 540; 2 Cold. (42 Tenn.) 96. It was a question for the jury whether a felony had been committed, and defendant was not entitled to the affirmative charge. 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32.

GARDNER, J. This is an appeal from a judgment recovered by the appellee against the appellant based upon count 5 of the complaint, which sought recovery as for false imprisonment.

[1] The first question argued by counsel for appellant relates to the action of the court in overruling demurrer to this count of the complaint. The count avers that the defendant's servant or agent, acting within the line and scope of his employment, wrongfully arrested and imprisoned the plaintiff or wrongfully caused the plaintiff to be arrested and imprisoned for a long time. And the argument is made that this count contains two distinct and inconsistent causes of action, in that it averred that the arrest of the plaintiff was by defendant's agent or servant, or, in the alternative, that such agent wrongfully caused the plaintiff to be arrested. Counsel rely most strongly upon the authority of B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 South. 361, but we are persuaded that this authority does not support the contention made as applicable to this particular case. The count does not state two distinct and separate causes of action, but only one cause of action—false imprisonment of the plaintiff. It is merely alleged in the alternative that either defendant's agent himself arrested the plaintiff or caused him to be arrested. The alternative averment therefore does not have reference to a separate cause of action, but to the manner in which the alleged wrong was committed as constituting the same cause of action. The cases of McNamara v. Logan, 100 Ala. 187, 14 South. 175, and L. & N. R. R. Co. v. Mothershed, 97 Ala. 261, 12 South. 714, support by clear analogy the conclusion which we have reached as to the sufficiency of this count. While the question was not decided in the case of Reach v. Quinn, 159 Ala. 340, 48 South. 540, yet the language of the opinion illustrates the

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

view of the court as to the sufficiency of the count worded in like language. The demurrer was properly overruled.

[2] Plaintiff was the foreman of a switching crew for the Southern Railway in Birmingham, having been in the service for a long number of years. On May 19, 1920, he was arrested without a warrant and imprisoned for more than 24 hours, being informed that his arrest was on account of the robbery of an express car. He was arrested with two other members of his crew, one Hammond and Burney, and was subsequently acquitted upon his trial. The evidence for the plaintiff tended to show two special agents of the defendant express company accompanied by two city detectives effected his arrest, while acting within the line and scope of their authority. The plaintiff insists that the two agents for the defendant company in fact arrested him, but we are persuaded there is also evidence in the record from which the jury could reasonably infer that, if these agents did not in fact arrest the plaintiff, they caused him to be arrested by the city officers who accompanied them. This inference may be drawn from the facts and circumstances, and it is not essential there should be evidence of express command or direction to the officer. McAleer v. Good, 216 Pa. 473, 65 Atl. 934, 10 L. R. A. (N. S.) 303, 116 Am. St. Rep. 782; note Lemmon v. King, L. R. A. 1915E, 883. Plaintiff relies for recovery upon the unlawfulness of his arrest.

The defendant insisted, in the first place, that its agents took no part in the arrest, but merely gave the information to the city detectives upon inquiry being made, and accompanied these detectives at their request for the purpose of identifying the parties, and, in the second place, if the agents of the defendant were responsible for the plaintiff's arrest, it was justifiable upon the ground a felony had been committed and that the defendant at the time had probable cause to believe that the plaintiff was guilty thereof.

The two sections of the Criminal Code of 1907 having reference to an arrest without a warrant, as applicable to this case, are sections 6269 and 6273.

The two agents of the express company were named Moser and Boatwright. The latter also appears to have been a special officer of the city at the time of this arrest, but as to Moser the evidence leaves it uncertain concerning his authority to arrest. It could be very reasonably inferred from the evidence that he was in fact not a public officer, and acted in a private capacity as agent for the express company.

[3] Under the common law a public officer was authorized to arrest for a felony without a warrant upon reasonable grounds. The authorities recognize a distinction, however, as to the right of a private person to arrest for a felony under the same circumstances. The authority of a private individual is more limited and confined. Under the decided weight of authority such private individual, when called upon to justify, must show that a felony had actually been committed, and he had reasonable grounds for believing the person arrested to be guilty. These distinctions are fully discussed in Palmer v. Cent. Ry. Co., 92 Me. 399, 42 Atl. 800, 44 L. R. A. 673, 69 Am. St. Rep. 513, Diers v. Mallon, 46 Neb. 121, 64 N. W. 722, 50 Am. St. Rep. 598, and Filer v. Smith, 96 Mich. 347, 55 N. W. 999, 35 Am. St. Rep. 603, and have been embodied in our statutory system as disclosed by the sections of the Code above cited.

[4] If the jury should find, therefore, that Moser was not a public officer, but acted as a private individual, and that he in fact arrested the plaintiff without a warrant, then justification therefor must rest upon the fact that a felony had in fact been committed, and that he had reasonable cause to believe the plaintiff had committed it. If, on the other hand, it should be found that Moser did not in fact effectuate the arrest, but procured the plaintiff's arrest by the public officer, the defendant could rely in justification therefor upon the fact the officer who made the arrest had reasonable cause to believe that the plaintiff had committed a felony. Section 6269, Code 1907; note to Lemmon v. King, L. R. A. 1915E, 883.

The car which is alleged to have been opened, and from which the packages are supposed to have been stolen, was an express car from New York to Mississippi, and not intended to be opened at Birmingham. There was evidence tending to show that the seal of this car was broken while in the railway yards in Birmingham only a short time before the packages were removed; but by whom the seal was broken is left to inference. The car was loaded to its capacity, and it appears there were two packages of considerable value placed in this car at New York, consigned to one Cole at Natchez, Miss., and four packages to Hammel at Mobile. One Montgomery, agent for the express company, upon being notified that the car had been robbed, checked same over with his list, and discovered only one package to Cole and three to Hammel; and, while this witness states that he did not check the entire contents of the car, yet he further testified that he checked all packages that had declared values—that is of $5 or more.

Upon a re-examination of the evidence of this witness in connection with all the testimony in the case, we are persuaded it may reasonably be inferred that these two missing packages were in fact taken from the car. These packages were of considerable value, so that, if in fact they were stolen from this car, the offense would be grand

larceny under the provisions of section 7324 of the Code of 1907.

This car was a part of an interstate shipment, and for the first time, upon a reconsideration of this cause, our attention is directed to the federal statute (U. S. Comp. Stat. § 8603), which makes the larceny of any goods from such a car a felony without regard to the question of value—a statute which had escaped our notice upon first consideration of this cause.

One Lee was in the employ of the Southern Railway at this time, having been connected with that road for a period of more than 20 years. He testified that he remembers the occasion of the "A. C. L. car being robbed." He was passing from the courtyard at the terminal station, and states that he saw two men transferring some packages from this A. C. L. car to a Southern car; the packages appearing to be "about 18 inches square and about 30 inches long." He further testified that they were taking the packages out of the A. C. L. car and placing them in a Southern refrigerator car, which refrigerator car was in a "cut of cars" attached to an engine. He did not know the names of the men, but knew the number of the engine of the switching crew of which they were members, and he subsequently, after arrest, identified the plaintiff as one of these men, he being the one standing at the door of the A. C. L. car, and Hammons being the man standing at the door of the Southern car; that the door of the Southern car was open facing the A. C. L. car, and that when they left they climbed on top of the "cut of cars, and rode out with them"; that one of them, before leaving, closed the door of the A. C. L. car. Lee also testified that he walked several car lengths, when he met one Freeman, who was inspector of the road, and informed him of what he had seen. The agents of the express company were then notified; the car was checked over as above indicated, and the express company's agents, Moser and Boatwright, got into communication with Dobbins and Walton, the city officers, and the arrest was made the following day, after these officers had gone in company with the express company's agents to see Lee, and after the latter had told them what he had seen.

Counsel for appellant insist that under the undisputed evidence in the case the parties participating in this arrest acted upon probable cause, as defined in Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep.

32, and that the defendant was therefore entitled to the affirmative charge, upon the theory that, where there is no conflict in the facts, the question of probable cause is one of law, citing McLeod v. McLeod, 75 Ala. 483; Gulsby v. L. & N. R. R. Co., 167 Ala. 122, 52 South. 392; Ewing v. Sanford, 19 Ala. 605.

Counsel for appellee on the contrary, insist it was a question for the jury as to whether or not a felony had in fact been committed, or that there was probable cause that the plaintiff had committed a felony, and that there was evidence in the record from which the jury could have inferred that Lee had not acted in good faith, but was shielding himself, and that the jury could have properly drawn the inference that a reasonably prudent and cautious person would not have effected an arrest upon such information without a warrant.

[5] After a careful reading of the evidence of witness Lee in connection with all the other evidence in the case, we find some difficulty in pointing out those features which would reflect unfavorably upon this witness; but, however this may be, and conceding a question for the jury was presented, yet we are persuaded that the evidence as to the actual commission of a felony and as to good faith and probable cause on the part of those participating in this arrest has been established by such overwhelming proof that the judgment against the defendant should not stand.

A motion for new trial was made, and it has been strenuously insisted it should have been granted upon the ground the verdict was contrary to the great preponderance of the evidence. The rule prevailing in this court as to the review of the action of the court below in refusing a new trial is well understood, and needs no repetition here. Southern Ry. Co. v. Grady, 192 Ala. 515, 68 South. 346.

Upon a reconsideration of this cause, and a re-examination of the proof, we have reached the conclusion that, indulging in all reasonable intendments in favor of the trial judge, the verdict rendered is palpably wrong and unjust, and that a new trial should be awarded. It therefore results that the application for rehearing will be granted, and the judgment appealed from will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.