PATTERSON, Judge.
Appellant, Lorell Cherry, was charged with driving under the influence of alcohol in violation of § 32-5A-191, Code of Alabama 1975. Appellant was found guilty in district court and appealed to the Circuit Court of Houston County. On September 13, 1984, appellant was found guilty of D.U.I. by a Houston County jury, and was subsequently sentenced to a term of six months hard labor in the Houston County jail and was fined $1,000.
It is unnecessary to review the facts leading up to appellant’s arrest. Appellant’s sole contention is that the Uniform Traffic Ticket and Complaint (hereinafter referred to as U.T.T.C.) was not properly sworn to and was therefore void. To support his contention he relies upon the Alabama Supreme Court’s recent decision in Dison v. State, 469 So.2d 662 (Ala.1984). This issue was not raised at trial, and is before us for the first time on this appeal.
The U.T.T.C. was issued to appellant on May 20, 1984, by Officer Joe Watson. The “sworn to” portion of the U.T.T.C. is dated May 21, 1984, and the signature of Sue Carmichael appears in the space provided for the acknowledging official.
As has been stated in 31 C.J.S. Evidence § 38 (1964):
“The signature of a public officer, within the jurisdiction, to any document required to be signed by him in his official capacity will be judicially noticed, and it has been declared that the court will take judicial notice of the official capacity of the signer, even though it is not shown by the writing.”
In Alabama, however, the law appears to be otherwise. The Alabama Supreme Court in Reach v. Quinn, 159 Ala. 340, 48 So. 540 (1909), was faced with an arrest warrant which bore the signature of “J.W. Jones.” The Court stated:
“The warrant offered in evidence was signed by ‘J.W. Jones’ as an individual, and not in any official character, or with the initials of his office, and this nowhere appeared on the warrant. It is no answer in such case to say that the courts judicially know who are justices of the peace. This would be true if J.W. Jones has signed the warrant in his official character, by designating himself as such officer by the initials of his office, or letting that fact somewhere appear on the warrant. We cannot judicially know that there is but one J. W. Jones, and hence when J. W. Jones signs a paper as an individual, without more, we cannot judicially know that he is a particular officer.
159 Ala. at 343, 48 So. at 541 (emphasis added).
The State ably argues that Reach should be distinguished on its facts. It is true that the court in Reach was interpreting § 5208, Code of Alabama 1896, which provided for the form and content of a *1003 warrant of arrest. Former § 5208 is presently codified at § 15-7-4, Code of Alabama 1975, with no substantive changes. Section 5208 and § 15-7-4(b) (difference noted in brackets) expressly provide that “the warrant must be signed by the [judge or] magistrate, with his name and initials of office, or the same must in some way appear from the warrant”. The State argues that Reach was based on the express language of § 5208. Id. We cannot take such a narrow reading of Reach, for it is clear that the court was making a broader statement in regard to judicial notice generally. We view Reach to stand for the proposition that courts cannot judicially know when someone is acting in an official capacity if there is no indicium of office appearing on the document.
This view is further supported by the U.T.T.C. form. The U.T.T.C. form was approved by the Alabama Supreme Court, as reflected in Rule 19(D) of the Alabama Rules of Judicial Administration. This form provides that the signature and “title” of the official appear in the space provided for verification.
There being nothing to indicate that Sue Carmichael was acting in an official capacity, we are duty-bound, in following Reach, to find that the U.T.T.C. was not properly sworn to and acknowledged. We must, therefore, treat the U.T.T.C. as being unverified. Since the U.T.T.C. was unverified, Dison, supra, requires that we hold the judgment of the court below to be void.
Based on the foregoing, this cause is due to be, and is hereby, reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.