McMILLAN, Judge.
Appellant was convicted of the offense of driving under the influence of alcohol, in violation of § 15-29, Code of the City of Florence, Alabama, and in violation of § 32-5A-191(a)(2), Code of Alabama (1975). Appellant was also convicted of the offense of driving while his license was cancelled, suspended, or revoked, in violation of § 15-29, Code of the City of Florence, Alabama, and in violation of § 32-6-19, Code of Alabama (1975). From said convictions, this appeal follows. Under the authority of Cherry v. State, [Ms. 4 Div. 386, July 2, 1985] (Ala.Cr.App.1985), the convictions are reversed and the case remanded.
In Cherry, supra, the appellant’s conviction for the offense of driving under the influence of alcohol was reversed and the case remanded because the “sworn to” portion of the Uniform Traffic Ticket and Complaint (referred to as “U.T.T.C.”) was signed by an individual who did not state that she was acting in her official capacity at the time of the execution. In reaching this conclusion, this court in Cherry cited the case of Reach v. Quinn, 159 Ala. 340, 48 So. 540 (1909), for the rule that “courts cannot judicially know when someone is acting in an official capacity if there is no indicium of office appearing on the document.” Because the U.T.T.C. was unverified, Cherry’s conviction was reversed and the case remanded under the authority of Ex parte Dison, 469 So.2d 662 (Ala.1984).
In the present case, the appellant cites both Dison and Cherry for his position that his convictions are due to be reversed. Evidently the appellee does not contest the validity of this argument, because the attorney for the City of Florence has not provided this court with a brief in response to the appellant’s argument.
Both the U.T.T.C. issued to Watkins for the D.U.I. charge and the U.T.T.C. issued to Watkins for the “driving while license revoked” charge, were notarized and “sworn to” by a person named “Wanda Bevis.” From the record, there is nothing to indicate the official capacity or authority, if any, that “Wanda Bevis” had at the time she executed the U.T.T.C. for either offense. The facts of this case are indistinguishable from Cherry. Therefore, the appellant’s convictions are due to be reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.