ADAMS, Justice.
Defendant, Lorell Cherry, was convicted of driving under the influence of alcohol in violation of § 32-5A-191, Code of Alabama 1975. On appeal, the Court of Criminal Appeals held that the Uniform Traffic Ticket and Complaint (U.T.T.C.) was unverified because the magistrate who signed it did not designate her title after her signature. The Court of Criminal Appeals reversed the defendant’s conviction, 491 So.2d 1001, relying on Dison v. State, 469 So.2d 662 (Ala.1984), which states that a judgment is void if based on an unverified complaint. Thus, the question before us in this appeal is whether the magistrate’s failure to affix her title to the U.T.T.C. rendered the defendant’s conviction void; more specifically, did the failure to state her title after her signature mean the arresting officer’s complaint was “unverified”?
The general rule regarding what effect the omission of an official title will have on a document’s validity is set forth in 31 C.J.S. Evidence § 38 (1964):
The signature of a public officer, within the jurisdiction, to any document required to be signed by him in his official capacity will be judicially noticed, and it has been declared that the court will take judicial notice of the official capacity of the signer, even though it is not shown by the writing.
This rule is also found in Annot., 30 A.L.R. 700 (1924).
And if a magistrate or a clerk of the court, in issuing a warrant or other writ, omits to affix to his signature thereon his official title, or improperly designates his official capacity, the validity of the instrument is not affected. [Citations omitted.]
Therefore, if we applied the general rule to this case, the complaint would be verified, even without the magistrate’s title being affixed thereto, and the conviction would be valid.
The defendant argues that an old Alabama case, Reach v. Quinn, 159 Ala. 340, 48 So. 540 (1909), should control here rather than the general rule. Reach involved an arrest warrant which was signed “J.W. Jones.” The Reach Court stated that the Code provision which addressed arrest warrants seemed to emphasize that both the judge’s signature and the title of the office must appear on the warrant before it would be valid. The Court reasoned that, although it could judicially know who the justices of the peace were, it could not judicially know that there was but one J.W. Jones, and that he was the officer authorized to sign warrants. The Court concluded its discussion by stating:
We do not think that the paper can be aided as to its validity by parol evidence of the fact that the J.W. Jones who signed it was a justice of the peace. The warrant should be valid on its face to justify the officer in executing it.
159 Ala. at 343, 48 So. at 541.
What the Court said in Reach seems to be diametrically opposed to the general rule. After careful consideration, we are of the opinion that the general rule takes better account of the procedural avenues available to our courts (specifically, the doctrine of judicial notice) and reaches a result which is more logical and practical than that which would be reached by applying the reasoning from Reach. Therefore, and for the reasons that follow, we hold that the general rule should govern this case, and, to the extent that Reach, supra, is contrary to this opinion, it is expressly overruled.
The general rule allows a court to take judicial notice of the official capacity of the signer of a document, even though the title does not appear on the face of the document, and thus recognizes the document's validity even without the official’s title being stated thereon. In reaching our decision that this is the proper method to employ in this case, it is helpful to consider why the magistrate in this case is required to sign the U.T.T.C. in the first place, namely, to ensure that a statement has *1005 been taken from the affiant under oath. When this procedure is followed, the affi-ant faces sanctions for perjury should he give any untrue statements, and the defendant is thereby afforded protection against false accusations and meritless and wrongful prosecutions.
In our recent decision of Dison v. State, 469 So.2d 662 (Ala.1984), we held that a U.T.T.C. was unverified because there was no signature of the judge on it, and therefore there was a complete lack of proof that the arresting officer took an oath as to the charge against Dison. This is a very different fact situation from the one in the case sub judice, wherein it appears that the magistrate took the arresting officer’s oath and signed the U.T.T.C., but failed to designate her title on it.
As the court noted in Reach, we can take judicial notice of who the magistrates are in Alabama, or, in this instance, that Sue Carmichael is a magistrate in Houston County. It seems to us an anomaly to then suggest that, without even a scintilla of evidence of any wrongdoing or mischief, somehow a different Sue Carmichael could have gained access to the U.T.T.C. and signed her name to it, and, as a result, that the arresting officer’s complaint would not have been under oath and the U.T.T.C. would be unverified.
As the general rule recognizes, when a public officer signs a document which he or she is required to sign in an official capacity, the signature can be judicially noticed, even without a designation of title. This seems to us to be much more logical, practical, and realistic than to say that there might be two persons with the same name, and that the non-official could have signed the U.T.T.C. or warrant.
It is plausible that the Reach court was concerned not with the above-described situation, but with the possibility of a forgery; but the court’s reasoning does little to protect against such a result. First, it would be easy for a person, having already forged the magistrate’s name, to likewise append her title. For this reason, we cannot agree with the contention that, just because a title is affixed to a signature, it necessarily should be given more credence than a mere signature. If this were so, then we could be faced with two documents, one signed by the magistrate but without her title, and one in which the signature and title had been forged, and we would be forced to uphold the forgery and declare a nullity the document which truly reflects that the oath requirements were met.
The better rule appears to be that we can take judicial notice of a magistrate’s signature on the U.T.T.C. because he or she is required to sign that document in an official capacity. In this way, the magistrate is presumed to have administered the oath because he or she attests to this by signing the U.T.T.C., and a mere oversight should not serve to invalidate the conviction where there is no evidence that the procedures designed to protect the defendant were not complied with. In the instant case, there is no contention that the procedures were not complied with, except to the extent that defendant argues that we do not know who Sue Carmichael is or if she is authorized to administer such oaths. As we have stated above, the courts of this state can judicially know that Sue Carmichael is a magistrate in Houston County, and that she signed the U.T.T.C. in her official capacity, and, absent any proof that anything other than that which is prescribed by law took place, the conviction is due to be upheld. Therefore, the judgment of the Court of Criminal Appeals is hereby reversed, and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.