McMILLAN, Judge.
This appeal follows the conviction of the appellant, James Lee Curtis, for the offense of driving under the influence of alcohol (D.U.I.) in violation of § 32-5A-191, Code of Alabama (1975). For the reasons given below, the decision of the trial court is hereby affirmed.
On September 24, 1984, Officer Randy Evans of the Sheffield Police Department was on routine patrol. He testified that on that night he twice observed the appellant cross the yellow line of a road while operating his vehicle. Officer Evans stopped the appellant and smelled the “odor of alcohol” on the appellant’s breath and noticed that his “eyes were red,” and that his “speech was slurred.” Officer Evans testified that he “felt like [appellant] was under the influence ... [of] alcohol” and therefore placed him under arrest. After being advised of his “implied consent” rights, appellant voluntarily agreed to take a PhotoElectric Intoximeter (P.E.I.) test to determine whether he was under the influence of alcohol. The P.E.I. test, administered by Officer Evans, indicated that the appellant was under the influence; subsequently, the appellant was charged with D..U.I. Further, the appellant testified that he had been drinking bourbon and Coke the evening of his arrest.
The signature on the traffic ticket and complaint which cited the appellant with the offense of D.U.I. was identified as that of Officer Evans and verified by “Polly Lindsey, Clerk.” Polly Lindsey was later identified by Officer Evans’s testimony as the “court clerk.”
Officer Leroy DeMorse, the custodian of the P.E.I. records, testified that the P.E.I. machine is used “during the ordinary course of business” and the records contain the P.E.I. log of entries of test results and any relevant information regarding the operation of the machine. At trial, Officer DeMorse testified on the substance of various log entries, although the P.E.I. log was never admitted as evidence; counsel for the appellant examined the log during this testimony.
I.
Appellant contends that the trial court did not have proper jurisdiction of this case because the record did not contain a sworn complaint of the D.U.I. citation as a basis for this criminal action against the appellant. However, the appellant’s claim is without merit. The record contains a copy of the D.U.I. citation issued by Officer Evans to the appellant. Thus, the court did have proper jurisdiction to try, convict, and sentence the appellant.
II.
The appellant next contends that it is reversible error to prosecute and convict the appellant on a sworn complaint or affidavit of the arresting officer in the form of an Alabama Uniform Traffic Ticket, where the verifying signature on the complaint reads “Polly Lindsey, Clerk.” The appellant alleges that the verification is legally insufficient under the standard established by Reach v. Quinn, 159 Ala. 340, 48 So. 540 (1909); Ex parte Dison, 469 So.2d 662 (Ala.1984); and Cherry v. State, 491 So.2d 1001 (Ala.Cr.App.1985). This standard requires not only that the proper public officer sign the complaint, but further, that his *831 official title be included “to justify the officer in executing it.” Reach v. Quinn, supra, 48 So. at 541. The appellant contends that “Polly Lindsey, Clerk” does not satisfy this standard. However, this standard was recently abandoned in this jurisdiction by our Supreme Court’s decision in Ex parte State: re Cherry v. State, 491 So.2d 1003 (Ala.1986), which reversed the holding in Cherry v. State, supra and opted for “the general rule” which “takes better account of the procedural avenues available to our courts (specifically the doctrine of judicial notice) and reaches a result which is more logical and practical than that which would be reached by applying the reasoning from Reach.” Ex parte State: re Cherry v. State, 491 So.2d 1003. This “general rule allows a court to take judicial notice of the official capacity of the signer of a document, even though the title does not appear on the face of the document, and thus recognizes the document’s validity even without the official’s title being stated thereon.” Ibid. This case, however, does not relax the requirement that a proper designated official’s signature must appear on the complaint or affidavit for it to be verified.
Therefore, in order for “Polly Lindsey, Clerk” to be sufficient verification, Polly Lindsey must be a proper, designated official for the purpose of acknowledging that the statement has been taken from the affiant or arresting officer under oath. Rule 18, subd. 11(B), Alabama Rules of Judicial Administration, provides the following:
“(B) Municipal Court Magistrate Agency Division
“(1) The municipal court magistrates agency division shall be composed of magistrates selected as follows:
“(a) All clerks of municipal courts. ...” (Emphasis added.)
The legislative intent of Rule 18, subd. 11(B) establishes that all municipal court clerks are magistrates as a matter of law. Opinion of the Clerk No. 27, 386 So.2d 210, 212 (Ala.1980); Section 12-14-51(c), Code of Alabama (1975). Furthermore, Rule 18, subd. 11(B)(2)(a) has empowered the municipal court magistrates to issue arrest warrants. Opinion of the Clerk No. 27, 386 So.2d 210, 212 (Ala.1980). In the present case, Officer Evans swore to the complaint under oath administered and acknowledged by the court clerk; thus, the complaint was properly verified.
III.
Last, appellant contends that evidence concerning the P.E.I. test results and other information regarding the testing was not properly admitted as evidence. At trial, Officer DeMorse testified to the substantive information contained in the P.E.I. log and the Rules and Regulations of the State Board of Health, without the documents ever being admitted as evidence; he also testified that he had been approved to administer the test, but his certification card was never admitted as evidence.
Evidence of the amount of alcohol found in a person’s blood, breath, or urine is admissible under § 32-5A-194, Code of Alabama (1975).
“A proper predicate must be laid for the admissibility of such evidence, however. [Citation omitted.] This predicate must be established by showing, first, that the law enforcement agency has adopted the particular form of testing that was in fact used. Alabama Code 1975, § 32-5A-192(a). [Citation omitted.] Second, there must be a showing that the test was performed according to methods approved by the State Board of Health. Alabama Code 1975, § 32-5A-194(a)(l). [Citation omitted.] This may be proved by the introduction of the rules and regulations the officer followed while administering the test and the officer’s testimony that he did, in fact, follow those rules when he administered the test in question. [Citations omitted.] Third, there must be a showing that the person administering the test has a valid permit issued by the State Board of Health for that purpose. Alabama Code 1975 § 32-5A-194(a)(l).” Ex parte Bush, 474 So.2d 168, 170 (Ala.1985).
*832 The P.E.I. logbook may be admitted as evidence under the business record exception to hearsay as long as a proper foundation is laid. Ex parte Bush, supra at 170; Parker v. State, 397 So.2d 199, 202 (Ala.Cr. App.), cert. denied, 897 So.2d 203 (Ala. 1981); Bagony v. City of Birmingham, 365 So.2d 336, 338-39 (Ala.Cr.App.1978). In the present case, the P.E.I. logbook was never admitted as evidence; however, Officer DeMorse testified that the entries in the logbook were made in the regular course of business and that test results were recorded during the ordinary course of business; this testimony laid the proper predicate for admissibility of the logbook as a business record. Ex parte Bush, supra, at 171. Additionally, the rules and procedures issued by the State Board of Health to be followed by police officers in administering the P.E.I. test are admissible, Parker v. State, supra, at 202. However, these rules were never admitted as evidence in the present case. Officer Evans testified that the test given was the standard test of the Sheffield Police Department and was approved by the State Board of Health. Finally, a valid certification card is admissible as evidence that an officer was approved to operate the P.E.I. machine when the test was given. Harper v. City of Troy, 467 So.2d 269, 171 (Ala.Cr. App.1985). Although Officer Evans’s certification card was never admitted into evidence, it was available for inspection at trial, just as the P.E.I. logbook and the rules and procedures for the P.E.I. testing were available.
Although this documentary evidence was admissible and, by virtue of the testimony as to the substance of the documents, the best evidence rule was violated, nevertheless this failure does not constitute reversible error. The best evidence rule requires a party who wishes to prove the terms or contents of a writing to introduce the original into evidence if it is available. Howton v. State, 391 So.2d 147, 150 (Ala.Cr.App. 1980), and cases cited therein. The testimony given in the present case regarding the substance of the above documents must be considered secondary evidence and, as such, it must be shown to the reasonable satisfaction of the trial judge that the original is lost, destroyed or unavailable despite reasonable efforts to procure it. Id. Because the documents were clearly available, the testimony alone should not have been admitted. This court, in Charles v. State, 424 So.2d 715 (Ala.Cr.App.1982), addressed the following contention: “It was error for the trial judge to allow oral testimony as to the reading taken from the machine [to measure intoxication] after the defendant was tested when the best evidence rule requires that the printed graph submitted by the machine is the best evidence of such reading.” Charles, at 719. This court indicated that the printed graph may have provided the most dependable evidence, “but it [was] clear from the [record] that it was not the only documentary evidence thereof relied upon by the witness in testifying.” as to the results of the test. Charles, at 720. The officer-witness also relied on a document which had been marked for identification, but the objection to this document by the defendant was sustained. The two documents in Charles, supra, were employed chiefly as a means to refresh the present recollection of the witness. As such, they generally are not offered into evidence. C. Gamble, McEl-roy’s Alabama Evidence, § 116.02(4) (3rd ed. 1977). The testimony of an officer concerning P.E.I. test results has been held admissible where “he refreshed his recollection thereof from a copy of a written test report the witness had made promptly after the test that he had conducted,” and “[a] document prepared by a witness at the time of an event, if needed by him to refresh his recollection thereof, may be used by him for that purpose.” Davis v. State, 387 So.2d 882, 884 (Ala.Cr.App.1980.) However, in the present case the City made no contention that the documents were intended to refresh the officers’ recollection.
“[E]ven if the test results were improperly admitted because of the lack of a formal predicate, the conviction is still due to be affirmed. The admission of evidence apparently illegal may be rendered preju- *833 dicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred.” Estes v. State, 358 So.2d 1050, 1054 (Ala.Cr.App. 1977), cert. denied, 358 So.2d 1057 (Ala. 1978). Thus, we have held that an officer was shown to be properly certified to administer a P.E.I. test despite the fact that he did not produce an “operator’s permit” or certification card valid for the period in question. He testified that he had been duly certified and had a current permit, although it was never admitted into evidence. Parker v. State, 397 So.2d 199, 202 (Ala.Cr.App.), cert. denied, 397 So.2d 203 (Ala.1981). Further, in a case where a P.E.I. logsheet was admitted without a proper foundation having been laid, the error was held harmless because two police officers testified substantially to the same facts as were found on the logsheet. Ex parte Bush, supra, at 171. The focus of this reasoning applied to the present case is “the independent proof of intoxication apart from the test itself.” Estes v. State, supra at 1054. “The ultimate fact to be inferred here is intoxication or drunkenness. Before the results of the P.E.I. test were admitted, there was a staggering and overwhelming amount of evidence that the appellant was drunk and highly intoxicated.” Id. As this court has indicated, “[i]n our opinion, the testimony of the arresting officer as narrated is of itself sufficient to present a factual issue as to the intoxication of defendant and justifies the denial of defendant’s motion to exclude the evidence made at the conclusion of the State’s evidence.” Charles v. State, supra, at 717.
In the present case, the P.E.I. test was performed in the proper manner by a qualified operator. There is no issue of operator technique or faulty mechanical condition of any machine. Although the P.E.I. log, the rules and procedures of the State Board of Health, and Officer Evans’s certification card were never admitted as evidence, they were nonetheless available for inspection by the appellant at trial and were in fact examined by the appellant’s counsel. Therefore, despite the City’s violation of the best evidence rule, Officer-Evans’s testimony that the appellant was weaving as he was driving, that he smelled of alcohol, and that his eyes were red and his speech was slurred was sufficient to support the conviction.
AFFIRMED.
All the Judges concur.