TORBERT, Chief Justice.
Petitioner, James Lee Curtis, was convicted in the Circuit Court of Colbert County of driving under the influence. The Court of Criminal Appeals affirmed his conviction, and the facts are set forth in that court’s opinion. Curtis v. City of Sheffield, 502 So.2d 829 (Ala.Crim.App. 1986).
Stated briefly, the facts pertinent to the issue before this Court are that at trial the prosecution’s witnesses were allowed to testify to the contents of certain documents relating to the photo-electric intoximeter (P.E.I.) used to test petitioner’s blood alcohol level. These documents included the P.E.I. log, the P.E.I. operator’s certification card, the State Board of Health regulations for the use of P.E.I. machines, and the State Board of Health checklist for operating the P.E.I. machine. These documents were never admitted into evidence, even though they could have been if a proper predicate had been laid for them (petitioner concedes this). Other than the results of the P.E.I. test, the only evidence tending to indicate that the petitioner was under the influence of alcohol was the testimony of the arresting officer.
Petitioner contends that it was error for the trial court to allow testimony concerning the P.E.I. test results and the P.E.I. documents without the proper predicate being laid and the documents being admitted into evidence. We agree. However, the Court of Criminal Appeals held that this error was harmless, because the arresting officer’s testimony provided independent proof of intoxication. We do not agree that this error was harmless.
The City of Sheffield admits in its brief that these documents should have been admitted into evidence and that since they were not, the P.E.I. test results were improperly admitted. The City argues that the Court of Criminal Appeals was correct in finding this error to be harmless and not prejudicial.
This Court has held that testimony apparently illegal upon submission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred. Ex parte Bush, 474 So.2d 168 (Ala.1985). It is true that it is unnecessary for the prosecution to resort to the P.E.I. test in order to make a prima facie case. Patton v. City of Decatur, 337 So.2d 321, 324 (Ala.1976). However, the results of a P.E.I. test are highly prejudicial. Patton, supra.
As in Commander v. State, 374 So.2d 910 (Ala.Crim.App.1978), writ quashed, 374 So.2d 921 (Ala.1979), the results of the P.E.I. test in this case played an extremely important part in the prosecution’s case, especially since only one witness gave testimony indicating the intoxication of the petitioner. “The evidence of intoxication was conflicting and under the circumstances the [improperly admitted] result of the test was extremely prejudicial to the appellant. This error was basic and fundamental and requires that the judgment of conviction be reversed.” Commander, 374 So.2d at 917.
The Court of Criminal Appeals has explicitly held:
“[I]f a party wishes to have the results of a blood alcohol test admitted into evidence he has two choices; either he must show that the tests were taken in conformity with § 32-5-193 [repealed], or he must lay the proper foundation for their *835 admission under general evidence principles. [Citation omitted.] The admission of blood alcohol test results for which neither of these procedures is followed results in reversible error.”
Whetstone v. State, 407 So.2d 854, 857 (Ala.Crim.App.1981).
In this case, there is not “a staggering and overwhelming amount of evidence that the appellant was drunk and highly intoxicated,” as there was in Estes v. State, 358 So.2d 1050, 1054 (Ala.Crim.App.1977), cert. denied, 358 So.2d 1057 (Ala.1978). In light of the conflicting testimony and the great weight often given to results from sophisticated, technical machinery, we cannot say that the admission of the P.E.I. test results without the prior admission of the related documents was harmless error.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.