# McLeod v. McLeod.

*Action for Malicious Prosecution.*

1. *Alias warrant of arrest; clerk of county court may issue.*—An *alias* warrant of arrest, not being a judicial act, may be issued by the clerk of the county court.

[McLeod v. McLeod.]

2. *Same ; when defect in amendable.*—A variance between the original warrant of arrest charging the offense of trespass after warning, which follows the affidavit, and an *alias* subsequently issued, in the christian name of the owner of the lands on which the trespass is charged, is a mere clerical error, which may be corrected by the affidavit and original warrant.

3. *Same ; duty of court to issue ; admissible evidence in action for malicious prosecution.*—A warrant of arrest issued on affidavit by the county court having been returned not executed, it is the duty of the court, of its own motion, to issue an *alias*, that the defendant may be brought to trial and the prosecution ended; and in an action for malicious prosecution by the accused against the prosecutor, the latter can not object to the *alias* as evidence, on the ground that it was issued without his request.

4. *Action for malicious prosecution ; when evidence of age of plaintiff inadmissible.*—In an action for a malicious prosecution for the offense of trespass after warning, it is not permissible for the plaintiff to prove that she is a very old person.

5. *Same ; probable cause.*—Probable cause not depending on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting, a want thereof can not be inferred from a failure or abandonment of the prosecution ; but the fact that the prosecution was abandoned should be weighed by the jury, in connection with the other circumstances of the case, in determining whether, at the institution of the prosecution, there was probable cause for believing the accused was guilty of the offense charged.

6. *Same ; when probable cause a question of law.*—The facts being undisputed, probable cause *vel non* is a question of law.

APPEAL from Crenshaw Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

As originally brought, this was an action by Margaret, Mack and Alexander McLeod against Hugh McLeod, to recover damages for an alleged malicious prosecution of the plaintiffs by the defendant for the offense of trespass after warning. The cause was before this court at a former term, when it was remanded on a reversal of the judgment of the circuit court. See *McLeod v. McLeod*, 73 Ala. 42. After remandment, the complaint was amended by striking out the names of Mack and Alexander McLeod as parties plaintiff, and the suit was afterwards prosecuted in the name of Margaret McLeod alone. The trial was had on issue joined on the plea of not guilty, resulting in a verdict and judgment for the plaintiff.

As shown by the evidence embodied in the bill of exceptions, the defendant, in April, 1881, made an affidavit before the judge of the county court of said county, charging the original plaintiffs with trespass after warning, on which a warrant of arrest was issued by said judge. This warrant was returned not served by the sheriff on 25th April, 1881 ; and on 11th May, 1881, the clerk of the county court, in the name of the judge, issued an *alias* warrant, under which the arrest was made. When the *alias* was issued, the defendant was not present, and did not request its issuance. It is recited in the

[McLeod v. McLeod.]

bill of exceptions that "the records of the county court failed to show any order for an *alias* warrant." Objection was made to the introduction in evidence of the *alias* warrant, the grounds of which are sufficiently indicated in the opinion. The objection was overruled, the paper read in evidence, and the defendant excepted; The prosecution having been continued at first term, at the next term thereafter a *nolle prosequi* was entered on motion of the prosecutor.

The plaintiff was allowed to prove, against the defendant's objection, that she was about seventy-three years of age; and to this ruling the defendant excepted. The defendant also reserved an exception to the charge given by the court and copied in the opinion. Other facts were in evidence, and other exceptions were reserved, which the opinion does not render necessary to be stated in this report.

The rulings above noted are among the assignments of error here made.

JOHN GAMBLE, for appellant.

Name of appellee's counsel not disclosed by the record.

STONE, J.—Judges of the county court have authority to employ clerks, "who may do all acts not judicial in their character."—Code of 1876, § 721. The mere issuance of an *alias* warrant of arrest is not a judicial act, and may be done by a clerk of the county court.—*Seawright v. Halso*, 65 Ala. 431.

The original warrant, pursuing the affidavit, commanded the arrest of Margaret McLeod, for an alleged trespass after warning on the lands of *Leony* McLeod. The *alias* charged the trespass as committed on the lands of *Leroy* McLeod. This was a mere clerical error, which could be corrected, alike by the affidavit, and by the original warrant. There was no error in admitting it in evidence.

It was objected that the *alias* warrant of arrest was issued without the request of Hugh McLeod, who had made the affidavit, and sued out the original warrant. On this ground it is urged that the *alias* was improperly received in evidence in this cause. We can not agree to this. When the affidavit was made, charging Mrs. McLeod with the commission of the offense, this was the institution of a prosecution, and furnished authority to the judge of the county court to issue the warrant therefor, without other request. In fact, it became his duty to do so. That affidavit was made, and the warrant sued out April 22d, returnable April 25th. The original was not served, and was so returned. It was then the duty of the court to

issue an *alias*, that the defendant might be brought to trial, and the prosecution ended. The *alias* was issued May 11th. The defendant can not complain of this, unless, before the issuance of the *alias*, he had procured a *nolle prosequi* of the proceeding, with the permission of the court. One or the other of these courses was necessary to put an end to the prosecution.

We will not say there might not be cases in which the extreme youth of a person charged with an offense, or, perhaps, with a tort, may be considered, in determining the question and degree of guilt. Capacity to commit crime, or to commit a tort, may certainly become a pertinent inquiry. But it is not permissible, in such an action as this, to prove that the person alleged to have been maliciously prosecuted, is a very old person. Old persons can commit trespasses after warning, as well as younger ones. There may be offenses which very old persons—old females particularly—would be scarcely capable of committing; and, hence, there might be issues in which such inquiry would be legal and pertinent. This is not one of them. The only influence such testimony could exert in this case, was an improper one, and it should not have been admitted.—*Motes v. Bates*, 74 Ala. 374.

To maintain an action for a malicious prosecution, three facts must be shown; that it was instituted without probable cause, that it was malicious, and that it has been determined. The proof of each of these facts rests with the plaintiff. Malice may be inferred from the want of probable cause for setting the prosecution on foot. Can the want of probable cause be inferred from a failure or abandonment of the prosecution? To hold that the final result of a trial in chief shall determine the right to make the arrest, would render criminal prosecutions very perilous; so perilous that few would be found to undertake them. The question in such cases is not whether the accused was in fact guilty, but whether the prosecutor, acting in good faith, and on the reasonable appearance of things, entertained the reasonable belief of his guilt. As said in *James v. Phelps*, 11 Ad. & El. 489, probable cause does not depend on the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party prosecuting. *Stone v. Crocker*, 24 Pick. 81; *Scott v. Simpson*, 1 Sandf. S. C. 601. Nor is it conclusive, or even *prima facie* evidence of a want of probable cause, that the prosecutor, after setting the prosecution on foot, afterwards abandoned it, or permitted a *nolle prosequi* to be entered.—*Purcell v. McNamara*, 1 Camp. 199; s. c. 9 East, 361; *Roberts v. Bayles*, 1 Sandf. S. C. 47. This doctrine rests on the obvious principle, sanctioned alike by reason and authority, that the prosecutor, at the

[Vandegrift, Adm'r, v. Abbott.]

institution of the proceedings, may have the honest and reasonable conviction of the existence of criminating facts and circumstances, which amount to probable cause for believing the accused guilty. Such criminating facts and circumstances, if acted on in good faith, constitute, in law, a complete defense, although it may afterwards turn out the accused was innocent. Cases are not infrequent, in which circumstances of suspicion point to a supposed offender, so strong in their character, as to amount to probable cause; and subsequent disclosures prove satisfactorily that the imputation was in fact groundless. Such disclosure would justify and demand an abandonment of the prosecution; and the abandonment would not make a *prima facie* case of want of probable cause. So, prosecutions are sometimes abandoned, because necessary testimony, once existing, is no longer obtainable.—2 Greenl. on Ev. (14th Ed.) § 455, and notes.

It is not to be inferred from what we have said, that the act of abandoning a prosecution is not evidence to be weighed by the jury. That, and all other circumstances, should be considered in determining whether, at the institution of the prosecution, there was probable cause for believing the accused was guilty of the offense charged.—4 Wait's Ac. & Def. 342; 2 Brick. Dig. 236, §§ 1, 2, 3, 4. And the facts being undisputed, probable cause *vel non*, is a question of law.—*Ewing v. Sandford*, 19 Ala. 605.

The court charged the jury " that if they believed from the evidence that the prosecution was nol-prossed at the instance of defendant, and no explanation was given for so doing, this would be *prima facie* evidence of a want of probable cause." In this the circuit court erred.

There is nothing in any of the other objections urged.

Reversed and remanded.