<hr/>

(100 South. 479)
ALABAMA CO. v. NORWOOD. (6 Div. 93.)

(Supreme Court of Alabama. April 24, 1924. Rehearing Denied May 29, 1924.)

1. Evidence ⬡473—Testimony held not mere conclusion but shorthand rendition of facts.

Testimony, "Arrested me, taken me down to the company's office," held not mere conclusion, but in nature of shorthand rendition of facts subsequently developed in further progress of examination.

2. Appeal and error ⬡761—Where one of several assignments argued in bulk without merit, consideration of others may be pretermitted.

Where a number of assignments of error are argued in bulk, and given but scant consideration in brief, if any one of assignments is without merit, consideration of others may be pretermitted.

3. Malicious prosecution ⬡3—Principal liable for agent's instigation of prosecution.

Mere fact that affidavit for arrest was made by one not agent of defendant would not be of itself sufficient to exonerate it on charge of malicious prosecution, if in fact there was sufficient proof from which jury could draw conclusion that prosecution was instigated by defendant's agent, acting within line and scope of his authority.

4. Malicious prosecution ⬡71(1)—Instigation of prosecution held for jury.

In action for malicious prosecution, whether prosecution instigated by defendant or its agent held for jury.

5. Malicious prosecution ⬡47 — Count may charge act directly against corporation.

Recovery may be had under a count charging act directly against a corporation.

6. Malicious prosecution ⬡38—Suit is in case.

A suit for malicious prosecution is an action in case and not in trespass.

7. Malicious prosecution ⬡42—Count charging act by corporation supported by proof of authority by vice principal.

Count charging act by corporation itself was supported by proof that it was authorized or ratified by vice principal or alter ego of corporation, such as superintendent of plant, who could be found to be vice principal or alter ego of corporation in vicinity.

8. New trial ⬡102(3)—Proper degree of diligence in obtaining evidence held not shown to warrant granting because of newly discovered evidence.

In action for malicious prosecution, court did not err in overruling motion for new trial for newly discovered evidence of National Guard

officer, accompanying defendant's employé charged with making arrest; affidavit failing to disclose any reason why defendant was not fully aware of importance of having guard officer summoned as witness.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action for damages for false imprisonment and malicious prosecution by Lewis Norwood against the Alabama Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The charge given for plaintiff and made the basis of assignment 16 is as follows:

"The court charges the jury that, if they are reasonably satisfied from the evidence that the defendant, through its officers or agents, acting within the line and scope of their authority, maliciously and without probable cause prosecuted the plaintiff for the offense of blowing up a house, and that plaintiff was tried and discharged by a justice of the peace having jurisdiction to try the plaintiff, then plaintiff should recover."

Foster, Verner & Rice, of Tuscaloosa, for appellant.

The charge that the act was maliciously done by the corporation is not supported by proof of the act done by an agent without authorization or ratification. Chase Nursery Co. v. Bennett, 205 Ala. 202, 87 South. 610; So. Ry. v. Yancey, 141 Ala. 246, 37 South. 341; Birmingham So. v. Gunn, 141 Ala. 372, 37 South. 329; C. of G. v. Freeman, 140 Ala. 581, 37 South. 387. There was no evidence supporting the count for malicious prosecution, and the affirmative charge as to it should have been given. Oates v. McGlaun, 145 Ala. 656, 39 South. 607; Rhodes v. McWilson, 192 Ala. 675, 69 South. 69; Mansfield v. Morgan, 140 Ala. 567, 37 South. 393. A witness may not testify as to his conclusion upon a fact in issue. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 South. 640.

Mathews & Mathews, of Bessemer, for appellee.

A count charging trespass against a corporation may be supported by proof that the act was authorized or ratified by the principal. Hotel Tutwiler v. Evans, 208 Ala. 252, 94 South. 122; Union Naval Stores Co. v. Pugh, 156 Ala. 369, 47 South. 48. The admission of a conclusion by a witness, being subject to impeachment on cross-examination, will not be held reversible error. Hotel Tutwiler v. Evans, supra. The act of the agent, being intimately related to and growing out of his exercise of authority, was committed while he was acting within the scope of his employment. Avondale Mills v. Bryant, 10 Ala. App. 507, 63 South. 932; Shope v. Ala. F. & I. Co., 195 Ala. 312, 70 South. 279; Wells v. Henderson L. & L. Co., 200 Ala. 263, 76 South. 28, L. R. A. 1918A, 115. The affirmative charge should not be given, when there is a material conflict in the evidence. Amerson v. Corona C. & I. Co., 194 Ala. 175, 69 South. 601.

GARDNER, J. This is an appeal from a judgment recovered by appellee against appellant in an action for false imprisonment and malicious prosecution. The suit arose out of the arrest and imprisonment of plaintiff while a strike was in progress in the vicinity of the defendant's mine. One of the houses on the defendant's property was destroyed, or partially so, by an explosion, and, following an investigation thereof, plaintiff was arrested and imprisoned. One Callahan, a deputy sheriff, was employed by defendant as a guard, and testified that when occasion demanded he had authority to arrest.

[1] We treat the assignments of error in the order of their presentation in brief of counsel for appellant. Speaking of Callahan, and in answer to the question as to what he did upon coming to plaintiff's house, the plaintiff was permitted, over defendant's objection, to state: "Arrested me, taken me down to the company's office." This is not objectionable as being a mere conclusion of the pleader, but in the nature of a shorthand rendition of the facts, which facts were subsequently developed in the further progress of the examination of the plaintiff. The ruling of the court in this respect presents no reversible error. Hotel Tutwiler Co. v. Evans, 208 Ala. 252, 94 South. 120.

[2] Assignments of error 3 to 10, inclusive, are argued in bulk, and, indeed, given but scant consideration in brief. Under such treatment in brief, if any one of the assignments is without merit, a consideration of others may be pretermitted. City of Montgomery v. Moon, 208 Ala. 472, 94 South. 337.

The ruling constituting the eighth assignment of error was clearly correct in excluding a conversation between witness Hughes and Major Flowers, and needs no discussion.

The third count of the complaint was for malicious prosecution. The charge given at the plaintiff's request, constituting assignment of error number 16, may be considered in connection with assignment of error 20 which relates to the refusal of the court to give the affirmative charge as to said count upon the defendant's request. A detachment of the militia was stationed in the vicinity of this property—both at Searles and Brookwood, a few miles distant. The defense rested upon the theory that the arrest, imprisonment, and prosecution of this plaintiff was solely by the military authorities, for which it was in no way responsible. The evidence for the plaintiff tended to show that one Taylor was the general superin-

tendent of the defendant at this particular plant at Searles, and that Callahan, a deputy sheriff, was employed by the defendant as a guard, as previously stated; that Callahan came to the house where plaintiff was living, arrested him, and carried him in an automobile to the office of the company at Searles, where he was questioned by Taylor, at the end of which questioning Taylor instructed Major Flowers to take the plaintiff and place him "with the rest of the boys." Major Flowers then carried the plaintiff to Brookwood, and placed him in one of the houses of the company, where several others were confined, and in which house he was detained under guard for several days, at the end of which time he was released. Several days after his release the plaintiff was arrested by the sheriff, and told to go to this schoolhouse at Searles, which was on the company's property, for trial. When questioned at the company's office upon his first arrest, plaintiff was informed that he was arrested for blowing up the house, but no warrant had been issued for his arrest at that time. Plaintiff was tried before a justice of the peace at the same time the others who were confined with him in the house were tried, and he was discharged. The affidavit for his arrest was made by Major Flowers before the justice of the peace who tried the cause; the affidavit and arrest being on the same day.

Plaintiff insists that he had no connection with, and knew nothing about, the blowing up of the house. Both Taylor and Callahan were present and testified at the trial. The sheriff testified he did not remember who gave him the warrant for the plaintiff's arrest, nor who pointed out the boy to him, saying, "I am pretty sure it wasn't Mr. Taylor. I do not say it was or wasn't Mr. Callahan. I do not remember." Nor did he remember where he was when it was handed to him, but admitted it might have been in the company's store, and that the plaintiff was "around the company's store when he was arrested." The justice of the peace before whom plaintiff was tried was named Jones, and Taylor, the superintendent, stated that in his opinion Jones was in the employ of the defendant.

Counsel for the appellant insists that defendant was entitled to the affirmative charge as to the malicious prosecution count, for the reason the evidence showed without dispute the affidavit for plaintiff's arrest was made by Major Flowers, and the prosecution rested solely with the military authorities.

[3] The mere fact, however, that the affidavit was made by one not an agent of the defendant would not of itself be sufficient to exonerate the defendant upon the charge of malicious prosecution, if, in fact, there was sufficient proof from which the jury could draw a reasonable inference that the prosecution was instigated by the defendant's agents acting within the line and scope of their authority. Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122; Am. Ry. Express Co. v. Summers, 208 Ala. 531, 94 South. 737.

[4] We are persuaded from an examination of this record that from all the facts and circumstances in this case such a reasonable inference could be drawn by the jury as to justify the submission of this issue for their determination. The affirmative charge was therefore properly refused as resting upon this theory.

[5] It is further insisted that recovery could not be had upon count 3 for the reason that this count charged the act directly against the defendant corporation, and that no proof was offered tending to show that the corporation itself had a part in the institution of plaintiff's prosecution. Counsel seek to bring the case within the influence of the authority of City Delivery Co. v. Henry, 139 Ala. 161, 34 South. 389, and those authorities in which that case is subsequently approved. L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103; Chase Nursery Co. v. Bennett, 205 Ala. 202, 87 South. 610; Ex parte L. & N. R. R. Co., 203 Ala. 328, 83 South. 52.

[6] The principle of these authorities has found application in cases of trespass where force was charged to have been directly applied. While false imprisonment is a trespass, yet a suit for malicious prosecution is not, but is an action in case. Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855.

The doctrine of the City Delivery Co. Case, supra, has never been extended so as to embrace actions in case, and will not now be so extended.

[7] However, there is still another answer to this argument. Taylor is shown to be the general superintendent of the defendant's mining plant at Searles, and it could be inferred that he was in fact the vice principal or alter ego of the corporation in that vicinity. In Hotel Tutwiler Co. v. Evans, supra, it was held by this court that even in an action for trespass the count charging the damnifying act by the corporation itself was supported by proof that it was authorized or ratified by the vice principal or alter ego of the corporation. In either event, therefore, appellant can take nothing by assignments of error 16 and 26.

It is next insisted that the judgment should be reversed for the action of the court in overruling the motion for a new trial upon the ground that the verdict was contrary to the overwhelming weight of the evidence. The rule by which we are guided upon questions of this character is too well understood to need citation of authority or dis-

cussion. The evidence upon the issues presented was in irreconcilable conflict, and a discussion of it would serve no useful purpose. After a careful examination of, this evidence, we are persuaded that the action of the court in this respect should not be here disturbed.

[8] It is also urged that the court erred in overruling the motion for a new trial based upon the ground of newly discovered evidence. The evidence which appellant seeks to offer upon another trial is that of Major Abner Flowers, which, it seems, would corroborate the testimony of Callahan, the employé of the defendant. Callahan testified that he went with Major Flowers to the plaintiff's house merely to point out the plaintiff to him, and that Major Flowers made the arrest. The affidavits offered upon this question fail to disclose any reason why this defendant was not fully aware of the importance of having Major Flowers summoned as a witness in its behalf upon the trial of this cause, as clearly Callahan, the defendant's employé who was charged with making the arrest, could have furnished defendant with information in this regard. Without a consideration of any other phase of this ground for the motion, the action of the trial court may well be rested upon the failure of defendant to show that proper degree of diligence requisite for such relief.

We have here considered the assignments of error argued in brief of counsel for appellant, and, finding nothing therein calling for a reversal of the cause, the judgment appealed from will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.