(103 So. 651)
MOLTON REALTY CO. v. MURCHISON.
(6 Div. 174.)

(Supreme Court of Alabama. April 9, 1925.)

1. Malicious prosecution ⬅71(2)—Probable cause question for court.

Whether in any particular case there are sufficient undisputed facts to constitute probable cause is question exclusively for court.

2. Malicious prosecution ⬅64(2)—Evidence held to show probable cause for prosecution for forgery.

In action for malicious prosecution on ground that defendant procured plaintiff's indictment for alleged forging of a rent receipt, evidence. held to establish existence of probable cause on part of defendant.

3. Forgery ⬅18—Proof of uttering forged rent receipt will sustain conviction of forgery in second degree.

Under Code 1923, § 4121, proof that one uttered a forged rent receipt as true will sustain a conviction of forgery in the second de-

gree, even though he was not shown to have changed receipt by his own hand.

## 4. Malicious prosecution ⌖71 (1)—Defendant corporation held entitled to general affirmative charge.

In action for malicious prosecution, where complaint charged direct corporate action by defendant in causing prosecution of plaintiff, but evidence showed no action by the corporation or any alter ego thereof, defendant was entitled to the general affirmative charge which it requested in due form.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for malicious prosecution by D. E. Murchison against the Molton Realty Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gibson & Davis, of Birmingham, for appellant.

The law does not favor actions of this nature; the burden is on plaintiff to show want of probable cause. Ball v. Rawles, 93 Cal. 222, 28 P. 937, 27 Am. St. Rep. 174; Watts v. Gerking (Or.) 228 P. 135, 34 A. L. R. 1489. Agents of corporations, having only authority to exercise control over the employer's property, are not authorized to institute prosecution in the name of the corporation. Markley v. Snow, 207 Pa. 447, 56 A. 999, 64 L. R. A. 685; Beiswanger v. Am. B. & T. Co., 98 Md. 287, 57 A. 202; Central R. Co. v. Brewer, 78 Md. 394, 28 A. 615, 27 L. R. A. 63; Croasdale v. Von Boyneburgk, 206 Pa. 15, 55 A. 770; Pressley v. M. & G. (C. C.) 4 Woods, 169, 15 Fed. 199; 10 Fletcher on Corp. 516; Allen v. London & S. W., L. R. 6 Q. B. 65. Defendant was entitled to the affirmative charge or to have the verdict set aside. L. & N. v. Stephenson, 6 Ala. App. 578, 60 So. 490; Sou. Ry. v. Lollar, 135 Ala. 375, 33 So. 33; B. R., L. & P. Co. v. Owens, 135 Ala. 154, 33 So. 8; Jordan v. A. G. S., 81 Ala. 220, 8 So. 191; Am. Exp. Co. v. Summers, 208 Ala. 531, 94 So. 737. What facts and whether particular facts constitute probable cause is for the court to determine. Lammers v. Mason, 123 Minn. 204, 143 N. W. 359; Fowlkes v. Lewis, 10 Ala. App. 543, 65 So. 731; Central R. Co. v. Brewer, supra; Michael v. Matson, 81 Kan. 360, 105 P. 537, L. R. A. 1915D, 1; B. R., L. & P. Co. v. Ellis, 5 Ala. App. 525, 58 So. 796; Kirk v. Wiener-Loeb, 120 La. 820, 45 So. 738; Moore v. Nor. Pac., 37 Minn. 147, 33 N. W. 334; McHugh v. Ridgell, 105 Neb. 212, 180 N. W. 75; Jordan v. Halmstron Piano Co., 140 Md. 207, 117 A. 366; Hallidy v. State Bank, 66 Mont. 111, 212 P. 861.

Black & Harris, J. C. Burton, and W. C. Woodall, all of Birmingham, for appellee.

It was proper to show by circumstantial evidence that defendant caused the prosecu-

tion. 26 Cyc. 91; Garden v. Holley, 157 Ala. 652, 47 So. 716; Sou. Exp. Co. v. Couch, 133 Ala. 285, 32 So. 167; Am. Exp. Co. v. Summers, 208 Ala. 531, 94 So. 737; Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596. Probable cause defined. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 30 Am. St. Rep. 79; Jordan v. A. G. S., 81 Ala. 220, 8 So. 191. The facts being in dispute, the question whether there was probable cause must be submitted to the jury. L. & N. v. Stephenson, 6 Ala. App. 578, 60 So. 490; Veid v. Roberts, 200 Ala. 576, 76 So. 934. Whether one in instituting a criminal prosecution was acting for another is a question for the jury. Garden v. Holley, supra; Gorman-Gammill S. & S. v. Morton, 203 Ala. 530, 84 So. 766. Charges requested by defendant were properly refused. Boshell v. Cunningham, 200 Ala. 579, 76 So. 937; Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Sandlin v. Anders, 187 Ala. 473, 65 So. 376; Martin v. Jesse-French Co., 151 Ala. 289, 44 So. 112.

SAYRE, J. Appellee sued appellant in an action of malicious prosecution. The cause of action was alleged in a single count. Various grounds of error are assigned. Those requiring special statement are the refusal of the general affirmative charge requested by defendant and the overruling of its motion for a new trial, the grounds for the motion being that the verdict was contrary to the evidence, that no evidence was adduced to sustain the corporate act alleged in the complaint and that plaintiff failed to sustain his allegation of want of probable cause.

In the editorial note to Matson v. Michael, 81 Kan. 360, 105 P. 537, L. R. A. 1915D, 1, columns of adjudicated cases are cited to the proposition that:

"The overwhelming weight of authority, both in England and America, sustains the view that what facts, and whether particular facts, constitute probable cause, is purely a question of law in any case, irrespective of the condition of the evidence; that when the facts and circumstances relied upon to show probable cause, or want of it, are in dispute, or susceptible of conflicting inferences of fact or the credibility of witnesses is involved, the truth and existence of the facts and circumstances is a question of fact exclusively for the jury; but whether the facts so found to exist constitute probable cause is still a question of law exclusively for the court; and that when there is no dispute in the evidence, and the facts and circumstances are admitted or clearly established by uncontroverted evidence, there is nothing to submit to the jury, and the court has only to say at once, as a matter of law, whether or not such facts and circumstances constitute probable cause."

[1] Referring to the confusion which has arisen out of statements by the courts to the

effect that "probable cause is a question of law" and "probable cause is a mixed question of law and fact," the editorial writer very correctly observes that these two statements harmonize perfectly when understood to mean that what facts and whether particular facts amount to probable cause is a question of law, but that what facts and whether particular facts exist, in a case in which the evidence as to the facts or any necessary particular fact is in dispute, is a question for the jury; but whether such facts amount to probable cause is a question of law for the court. With these conclusions our cases are in accord. Ewing v. Sanford, 19 Ala. 605; McLeod v. McLeod, 75 Ala. 483; Gulsby v. L. & N. R. Co., 167 Ala. 129, 52 So. 392; American Rwy. Ex. Co. v. Summers, 208 Ala. 533, 94 So. 737. It results that whether in any particular case there are sufficient undisputed facts to constitute probable cause is a question for the exclusive determination of the court. Nothing to the contrary is said in Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 30 Am. St. Rep. 79. In that case it was said that, in deciding upon the existence of probable cause, the prosecutor's belief in the guilt or innocence of the plaintiff could not be considered, but that the test is the effect the facts might have upon the judgment of ordinarily prudent and reasonable men, and that, as we have seen, is a matter for the court. But if the facts, whether shown without dispute or as found by the jury in case of dispute, do not establish probable cause, then the question of malice, of honest belief, is for the jury. Lunsford v. Dietrich, supra. "No rule of law is better settled, both in England and in America," says Mr. Thompson, "than that in civil actions for damages for the malicious prosecution of a criminal action the question of probable cause is a question of law, which the judge must decide upon established or conceded facts, and which it is error for him to submit to the jury." 2 Thomp. Trials, § 1613. And Mr. Newell says that "what facts, and whether particular facts, constitute probable cause, is a question exclusively for the court," and more to the effect stated above. He says: "These rules involve an apparent anomaly, and yet few, if any, rules of the common law rest upon a greater unanimity or strength of authority." Newell on Mal. Pros. 277. The reason for this rule is well stated in Hess v. Oregon Baking Co., 31 Or. 503, 49 P. 803, in this language:

"This rule is peculiar to this class of actions, but is one of long standing, and founded upon sound reason, good authority, and public policy. Actions to recover damages for malicious prosecution have never been favored in law, although they have been readily upheld when it is shown that the prosecution was instituted through actual malice, and without probable cause. Malice in such cases is always a question for the jury, but as the authority to institute a criminal prosecution, and the extent of such authority, are derived from the law, the law must judge as to what will constitute probable cause therefor. The welfare of society imperatively demands that those who violate the law shall be promptly and speedily punished, and, to accomplish that purpose, the rule has been firmly established that any citizen who has good reason to believe that the law has been violated may cause the arrest of the supposed offender; and if, in doing so, he acts in good faith, the law will protect him against an action for damages, although the accusation may in fact be unfounded. This rule is founded on grounds of public policy to encourage the exposure of crime and the punishment of criminals, and when, therefore, the act of a citizen in thus enforcing the law is challenged, the court must determine the question, when the facts are admitted or established, as to whether he had probable cause for so doing, and not leave it to the arbitrament of a jury."

Other cases to the same effect may be found cited and quoted in the editorial note to Matson v. Michael, supra. That writer says:

"And in no case can the court, simply by defining probable cause to the jury, leave it to them to find whether the facts established in the case are within or without the definition, as such practice surrenders to the jury the court's duty of saying, as a matter of law, what is the legal effect of the facts found to exist, and leaves both the questions of law and fact to the arbitrament of the jury." Page 5.

Referring to the difficulty of applying this rule in practice where the facts are numerous and susceptible of various combinations, the court in Hess v. Oregon Baking Co., supra, quoted at length from the opinion of Tindal, C. J., who, in Panton v. Williams, 10 L. J. Exch. 545, after stating the rule, said:

"And, such being the rule of law where the facts are few and the case simple, we cannot hold it to be otherwise where the facts are more numerous and complicated. It is undoubtedly attended with greater difficulty in the latter case, to bring before the jury all the combinations of which numerous facts are susceptible, and to place in a distinct point of view the application of the rule of law, according as all or some only of the facts, and inferences from facts, are made out to their satisfaction. But it is equally certain that the task is not impracticable; and it rarely happens but that there are some leading facts in each case" —and so we find it in the present case—"which present a broad distinction to their view, without having recourse to the less important circumstances that have been brought before them."

[2] In the case before us it is established beyond peradventure or dispute that plaintiff had rented a house from defendant corporation which acted as agent for the owner; that plaintiff had paid the rent for the month of March, 1921, and had received a receipt, partly printed and partly written in pencil, from defendant's clerk or agent, L. L. Brown; that when the receipt was written

a carbon copy was thereby made and was preserved in a book in which defendant kept carbon copies of all receipts issued from its office; that this carbon copy showed its date to be "3–5–21"; that, when defendant's agent demanded of plaintiff the rent for the month of April, he produced a receipt in which, upon defendant's printed form, were reproduced with mathematical precision—as the originals certified to this court show—the written words of the March receipt except that the date was written as follows: "4–2 21" and the word "April" appeared where "March" had been written in the receipt for that month. The hypothesis that this exact reproduction of written words may have been the result of chance will be rejected by every normally constituted mind. That the receipt for the April rent, exhibited by plaintiff, had come out of defendant's book of receipts is shown by its fac simile printing, its perforations on three edges, and by the fact that plaintiff tendered it as defendant's receipt for the rent in question.

[3] Plaintiff, when requested to show his March receipt, failed to do so; nor did he produce it at the trial of this cause. Nor did defendant's book—placed in evidence and certified here—in which carbon copies of the written parts of receipts issued in April were kept, show that the receipt exhibited by plaintiff had been issued during the month. The receipt exhibited by plaintiff was identified by the characteristic initials, "L. L. B." of a clerk who had been in defendant's employment for 8 or 9 years. This clerk testified in this cause. The April book of carbon receipts shows 15 receipts signed by this clerk on several different days in each of which word "April," or an abbreviation thereof, was written, but in none of them is there even a superficial likeness to the word "April" in the receipt exhibited by plaintiff. There are other facts, some of them of doubtful competency, but offered in evidence without objection, which look, very persuasively according to common experience, toward the same conclusion, but we need not refer to them, for, in our judgment, the facts we have stated, and which are not disputed, suffice amply to establish the existence of probable cause for the indictment of plaintiff on the charge of forgery in the second degree in that he did falsely make, alter, forge, etc., the receipt for the April rent. Proof that plaintiff uttered the receipt as true would have sustained a conviction of the offense charged even though he was not shown to have changed the receipt by his own hand. Criminal Code, § 4121; Harrison v. State, 36 Ala. 251; Allen v. State, 74 Ala. 560.

So far as concerns the view we have taken of this case, it may be assumed that the prosecution of which plaintiff complains was put on foot by some responsible agent acting at the time for defendant, but that assumption, examined on its own merits, would appear to be of exceedingly doubtful propriety. However, the conclusion that there was probable cause as matter of law puts an end to the further prosecution of this action for damages on the facts presented by the record.

[4] Another reason suggested why defendant was entitled to the general affirmative charge which it requested in due form—a highly technical reason, it must be conceded, but one that is brought into view by the pleadings and brief for appellant and one that seems to be firmly fixed in our jurisprudence—is that the complaint charged direct corporate action by defendant in causing the prosecution of plaintiff, whereas the evidence showed no such action by the corporation or any alter ego thereof. Ex parte Central Iron & Coal Co., In re Central Iron & Coal Co. v. Wright (Ala. Sup.) 101 So. 824.[1] It is evident, we think, that Street, who was employed by defendant to collect the rent in question, but had no regular employment with defendant, was not a responsible agent of defendant in bringing about the prosecution of plaintiff after his efforts to collect the rent had been abandoned. The evidence is that he acted on his own motion and without direction from defendant or any other of its agents in laying the matter before the solicitor for the county—indeed, the evidence is that Molton advised him not to do so. Of course the jury may have found—though no adequate grounds for such finding appear in evidence—that these facts merely evidenced a purpose to evade responsibility, that is, the jury may not have believed the witnesses, but, on the hypothesis of belief, defendant was not liable for what Street did. But no instruction was requested to that precise effect, so that, as to the general charge urged on the ground that the evidence failed to show corporate action, the alleged activities of Molton must also be considered. According to plaintiff's testimony, Molton had said that he would take the matter to the grand jury, and it may be conceded that Molton's denial and his affirmation that he went before the grand jury only after and because he was subpoenaed, was effective only in developing a case of conflict in the evidence as to whether he had been instrumental in bringing the case against defendant to the attention of the criminal authorities of the county, still, the further and controlling inquiry on this point is whether the evidence warranted the conclusion that Molton was acting for the corporation. His connection with the corporation was not shown except that it was fairly inferable that he managed defendant's rental business, and did interest himself in the collection of the amount in controversy between the parties. It seems

---

[1] Ante, p. 130.

to be more than doubtful that the facts warranted a finding that it was within the line and scope of Molton's duty as manager of defendant's rental business to institute prosecution for past offenses committed against it. The trend of modern decision is that in such cases the agent or employee—it does not appear that Molton was more than a managing agent or employee—is presumed to have acted on his own account, for the vindication of justice. It may be seriously doubted that there was sufficient authority for saying that what Molton did was in the ordinary course of the business of the defendant company or that it was for its benefit, except in so far as it was for the benefit of all citizens of the state that crime should not go unpunished. Valuable discussions of the principle involved are found in Markley v. Snow, 207 Pa. 447, 56 A. 999, 64 L. R. A. 685, and Daniel v. Atlantic Coast Line, 136 N. C. 517, 48 S. E. 816, 67 L. R. A. 455, 1 Ann. Cas. 718. However, it is to be presumed that, if this case is tried again, the evidence on this point will afford a more satisfactory basis of opinion, and with these observations, which may be of some help in the trial court, we defer final judgment until the facts under this head have been more fully developed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

