(116 So. 915)

UNITED STATES CAST IRON ǀ . ⌐ ⌐
FOUNDRY CO. v. HENDERSON.
(6 Div. 202.)

Court of Appeals of Alabama. March 20, 1928.

Rehearing Denied April 24, 1928.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

Barber & Barber, of Birmingham, for appellee.

SAMFORD, J. There seems to be little if any difference between the appellant and appellee on questions of law. The differences arise on an application of the law to the facts.

■ The first count charged that defendant's agent, while acting within the line and scope of his authority, unlawfully caused plaintiff to be arrested on a *charge of larceny* and imprisoned, etc. If the defendant's agent or servant, while acting within the line and scope of his authority, did arrest and imprison plaintiff, or cause or instigate the same to be done by another on a charge of larceny, and such arrest and imprisonment was unlawful, then the defendant would be liable to the plaintiff under this count. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; Clifton v. Grayson, 2 Stew. 412.

■■ There can be no doubt that Wilson, the agent of defendant, was acting within the line and scope of his authority, when he went to plaintiff's wagon and caused him to turn his wagon and go down to defendant's plant and in the opposite direction from that in which he was going. The facts and circumstances surrounding the parties and as to what took place from the time defendant's agent (Wilson) approached plaintiff at his wagon to and including the arrest of plaintiff by two policemen of the city of Birmingham, were sufficient to go to the jury ·as tending to prove the arrest of plaintiff and its instigation by Wilson as the agent of defendant, while acting in the line and scope of his authority. But the allegation of the complaint in the first count is: "Caused the plaintiff to be arrested and imprisoned on a charge of larceny." There is no evidence that any such charge was ever made by Wilson, either then or at any other time. Having made the charge, the burden was on plaintiff to make the proof, and, failing in this, the court should have given the general

charge as to this count as requested by defendant. Grissom v. Lawler, 10 Ala. App. 540, 65 So. 705; Thompson v. Richardson, 96 Ala. 488, 11 So. 728; Bennett v. Black, 1 Stew. 494.

Coming now to a consideration of the case as made under the second count of the complaint; i. e., for malicious prosecution. The basis of this count is a warrant of arrest issued by W. R. Watkins, ex officio judge, etc., on the 2d day of June, 1925, which warrant was based upon an affidavit made by J. T. Moser, a police officer of the city of Birmingham, charging plaintiff with buying, receiving, concealing, or aiding in concealing, lead and wire cable of the value of $50, knowing it to be stolen, and not having the intent to restore it to the owner. As to the above warrant, Moser testified as follows:

"I am a special officer of the city of Birmingham, a city detective, and worked in that capacity in June, 1925. I investigated the case against George Williams and Tom Henderson for having some alleged stolen cable in their possession. I swore out the warrant. I was not at the plant of defendant when these men were taken into custody. I got in the case the next morning after they were arrested. I went to the Dixie Construction Company and looked over their yard and found where some wire had been taken, the prints of it. I tracked them to where it was carried out under the fence in a ditch, and there was weeds from there on to where it was, a wagon had been; and we couldn't track them any further on account of the weeds. I know Mr. Wilson as a special officer of the United States Cast Iron Pipe & Foundry Company. Neither he nor Mr. Taylor showed me where the wire had been picked up and loaded into the wagon. I do not know Mr. Taylor. There was a young man who worked for the Dixie Construction Company. I think he worked there. He showed me where the wire had been picked up and loaded on the wagon. There was evidence of an object having been dragged from where this wire was missing to the outside of the fence in a ditch, in the direction of where the wagon tracks were. I had some communication with Mr. Newman of the Dixie Construction Company, and brought him to the city jail and showed him the cable, and he identified it as the cable of the Dixie Construction Company before the warrant was sworn out. I did not talk with Mr. Wilson or any other employee of the defendant before the warrant was sworn out. I talked to the police officers who brought the negroes in—Officers Ellard and Ellzey. No officers or employee of the defendant requested me either by telephone or in person to swear out the warrant for plaintiff. I made the investigation on information furnished me by the police officers of the city of Birmingham, and swore out the warrant on the information I gathered on my own investigation and on that alone."

"Plaintiff was turned loose on the criminal trial because we didn't have the men there to identify the wire. Mr. Walker was there, but he did not identify it. The reason they turned the negroes loose was because they didn't have the man there who could identify the wire."

As to the verity of the above, we have in this record the statement of plaintiff's counsel as follows:

"Plaintiff's attorney thereupon stated: 'I will testify to his (J. T. Moser's) honor because he was on the force at the time I was commissioner. I kept him there and honored him, and he is a good officer and wouldn't swear to a lie for anybody, no matter who it is.'"

Coupled with the above is the undisputed evidence that the defendant was found in possession of a roll of wire cable, such as is used by electric companies, and from its kind and character the plaintiff is bound to have known that it was not "junk." While the other part of plaintiff's load of "junk" was open on his wagon, the cable was covered in a sack. When asked about the cable by Wilson, defendant's officer, who was in uniform, plaintiff gave the answer: "I told him it was the man's running away, and I pointed him out." There was evidence connecting the wire cable in plaintiff's wagon with the wire that was testified to by Moser.

■■ In 2 Thompson, Trials, par. 1613, it is said:

"No rule of law is better settled both in England and America than that in civil actions for damages for malicious prosecution of a criminal action the question of probable cause is a question of law which it is error for him to submit to the jury."

The foregoing was quoted with approval in Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651. Under the facts in this case it becomes our duty to decide whether upon the undisputed facts there was probable cause for believing that the plaintiff was guilty of the offense named in the affidavit made by Moser. Irrespective of the other evidence in the case, some of which was in dispute, we hold that the foregoing facts establish a case of probable cause and authorize the issuance of a warrant, and, so holding, a recovery in this case is precluded.

■ Another view to be taken is that, even if Wilson was the agent of defendant, acting within the line and scope of his authority at the time he detained plaintiff at the wagon, and as a result of that action on Wilson's part plaintiff was arrested and carried to the city jail by two policemen in no way connected with defendant, the evidence without dispute shows an independent investigation by Moser, and, based upon facts obtained by himself and not from Wilson, he made affidavit as to a crime in which and with which this defendant was in no way connected. While it may have been and was a question for the jury as to whether defendant through its agent Wilson caused or instigated the arrest of plaintiff in the first instance on a charge connected with defendant's property,

a subsequent charge made upon a separate and independent investigation by Moser, who was in no way connected with defendant, and relating to property belonging to a separate and distinct corporation, would not present a jury question, in the absence of evidence tending to show that Wilson had followed up the original arrest so as to constitute the warrant of arrest here declared on as a continuation of the original arrest. Before this defendant could be made liable by reason of the prosecution begun by the swearing out of the warrant by Moser, there must be sufficient proof from which the jury could draw a reasonable conclusion that the swearing out of the warrant charging plaintiff with buying, receiving, concealing, etc., property of the Alabama Power Company, was instigated by the defendant's agent acting within the line and scope of his authority. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479. If Moser acted solely upon his own judgment and initiation in making the affidavit charging plaintiff with buying, receiving, etc., property of Alabama Power Company, the defendant would not and could not be made liable, even though Wilson or the defendant had directed or requested such action. Rich v. McInerny, 103 Ala. 357, 15 So. 663, 49 Am. St. Rep. 32; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754. As to this Moser testifies that he acted independently and solely upon his own investigation into the facts, and states what facts he acted on. This evidence is undisputed. Being undisputed, it affirmatively appears that defendant was not connected with the prosecution under the Moser warrant, and on this theory defendant should have had the affirmative charge.

■ There is another controlling point in this case. The claim for damages under the second count of the complaint is based upon the warrant sworn out by Moser, which it is alleged was instigated by the agent of defendant, while acting within the line and scope of his authority, maliciously and without probable cause. Even if the original arrest of plaintiff by the two police officers was instigated by Wilson, the agent, etc., and it was done without probable cause, the affidavit of Moser and the warrant of arrest issued thereon were the result of an investigation by Moser which, beyond any question, showed probable cause, and hence no cause of action can be sustained which rests upon the warrant as issued upon Moser's affidavit. L. & N. R. Co. v. Stephenson, 6 Ala. App. 578, 60 So. 490.

The foregoing conclusion having been reached, it becomes unnecessary to pass upon the various questions presented upon the relevancy of evidence.

The rulings of the court not being in accord with this opinion, the judgment is reversed, and the cause is remanded.

Reversed and remanded.