153 So. 613

**ELLIOTT v. CAHEEN BROS., Inc., et al.**

6 Div. 980.

Supreme Court of Alabama.

March 8, 1934.

Rehearing Denied April 5, 1934.

W. A. Denson, of Birmingham, for appel-
lant.

Cabaniss & Johnston and L. D. Gardner,
Jr., all of Birmingham, for appellees.

BOULDIN, Justice.

The cause was tried on counts for malicious prosecution. The trial court gave the affirmative charge, requested in writing, for defendants.

The prosecution was for violation of the Bad Check Law, which, as applicable to this case, reads: "Any person who * * * with intent to defraud shall * * * draw or utter * * * any check * * * upon any bank * * * knowing at the time of such * * * drawing, uttering * * * that the maker or drawer has not sufficient funds in or credit with such bank * * * for the payment of such check * * * although no express representation is made in reference thereto and shall obtain therefor any * * * merchandise * * * shall be guilty of a misdemeanor." Code, § 4159, as amended, Acts 1927, page 287.

In any prosecution under the above section, proof that payment was "refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in or credit with such bank." Code, § 4160, as amended, Acts 1927, p. 287.

Without dispute, the plaintiff purchased merchandise from defendant Caheen Bros., Inc., and gave a check therefor on the First National Bank of Birmingham, payment of which was refused by said bank for insufficient funds, and the check returned to the payee. These facts were known to defendant Wingo, the duly authorized agent of the payee, who thereafter instituted the prosecution.

Facts which, under the law, constitute prima facie evidence of guilt, furnish probable cause for beginning a prosecution. This is too self-evident to need elaboration. Unless other facts or circumstances, known to the prosecutor, are sufficient to overcome this presumption, in the mind of a reasonably prudent and just man, the prosecution is supported by probable cause.

Appellant relies mainly on the following facts in this connection:

Plaintiff had given two checks for merchandise, one for $8 and one for $3.50, dated December 15th and 17th, both of which were refused payment for insufficient funds. Later, according to plaintiff's version, she went to the defendant's store, paid and took up the $8 check, and was advised the other check was then in the hands of a collection agency, and it was agreed the check would be recalled, and plaintiff would take it up on being notified it was in hand, and that she was never so notified until after prosecution began, based on this $3.50 check.

Just what date the $8 check was taken up is not clear, but admittedly after receipt of a letter of date December 27th, notifying plaintiff the two checks had been returned for insufficient funds, and they would be again deposited on the 28th, with request that plaintiff see they were paid when presented at the bank.

The version of Mr. Wingo, the credit manager, is that, after the checks had been returned the second time, and were put in the hands of the Bodeker Agency, it was arranged for the checks to be recalled, which was done; and thereupon plaintiff took up the $8 check, and promised to take up the $3.50 check later; that thereafter two letters, one on February 4th and one on March 2d, following, were written to plaintiff demanding payment, without result.

Prosecution was begun March 8th.

We consider the evidence most favorable to plaintiff in passing upon the affirmative charge given for defendants.

Certainly the offer to take up, or actual taking up, the dishonored check, does not purge the transaction, if violative of the statute at the time the check is given.

A former statute, construed as making its violation turn on nonpayment or nonrestoration within a prescribed time after notice of dishonor, was declared unconstitutional. Goolsby v. State, 213 Ala. 351, 104 So. 901.

The real inquiry is: Does the payment for the merchandise, or taking up the check, or

offer to do so within a reasonable time after notice of dishonor, negative any intent to defraud in giving the check, and so overcome the statutory presumption as to negative probable cause in the institution of a prosecution?

Our study of the wording of our statute in the light of its history, and the evils it was designed to correct, leads to the conclusion that the intent to defraud is not limited to an intent to thus obtain the goods and never pay for them.

Under the statute the giving of a check in payment for merchandise then bought is a representation that the check is good, backed by funds in, or credit with, the bank, is the equivalent of money, due to be cashed when presented, and payment then becomes absolute.

The use of a check known to be bad, with no bona fide belief that it will be honored, as a subterfuge to get goods on credit, while the seller believes it to be the equivalent of a cash transaction, is a fraud.

The inconvenience and expense of handling bad checks through banking accounts, the expense and inconvenience of collecting bills from givers of bad checks, bills never intended by the seller to be incurred, as well as the hazard of loss of the goods, or their value, are among the evils against which the statute is directed.

Evidence to overcome the statutory presumption of fraud must tend to negative the intentional giving of a bad check.

The statute, section 4160, Code, opens the door to the drawer to testify to his circumstances and intent. Evidence of sufficient funds when the check was drawn, lack of knowledge that his checking account was exhausted or overdrawn, or such credit at the bank as to lead to the bona fide and reasonable belief that the check would be honored by way of overdraft, are among the matters which may be shown.

Credit is defined by the statute, but may include an implied understanding from past course of dealing, and known financial responsibility.

It does not appear that the plaintiff, prior to this prosecution, made any claim to or furnished any evidence to the prosecutor of these or other facts tending to show there was no intentional giving of worthless checks. Indeed, it appears no such claim could have been truthfully asserted.

Under the undisputed evidence, Mr. Wingo, had, prior to the prosecution, seen a list of other checks given by plaintiff, in the hands of the Bodeker Agency, acknowledged to be outstanding over plaintiff's signature. The bank records produced on the trial disclose that for many months plaintiff had no active account at the bank, had only a nominal balance of 19 cents, but had issued checks from time to time so numerous as to indicate a habit of giving checks which were refused payment for insufficient funds. Plaintiff did testify that she made one other deposit not credited to her by the bank, the date or amount to her unknown. This item of evidence did not at all negative the course of action above stated.

The prompt payment or offer to pay a dishonored check, may, in connection with other facts or circumstances known to the payee, constitute ample evidence of lack of intent to defraud, and therefore want of probable cause in an action for malicious prosecution.

But, standing alone, an offer to pay, in the light of other undisputed facts known to the prosecutor, constituted no evidence of want of probable cause, in view of the statutory presumption in such cases. Carlisle v. State, 77 Ala. 71; Hendrix v. State, 17 Ala. App. 116, 82 So. 564.

Evidence that the prosecution was not followed up, was abandoned and dismissed for want of prosecution, while evidence to be considered along with other evidence of want of probable cause, is not prima facie evidence thereof; is insufficient to make out a case of this character. McLeod v. McLeod, 75 Ala. 483.

Evidence that plaintiff had about the same time given other checks which were dishonored for want of sufficient funds was admissible on the question of intent. Caughlan v. State, 22 Ala. App. 220, 114 So. 280.

On undisputed facts the question of probable cause is one of law. Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651.

We are of opinion the affirmative charge was properly given for defendants.

Rulings on evidence not going to the issue of probable cause, or not affecting the result on that issue, need not be considered.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.