172 So. 634

### GREEN v. NORTON.

### 7 Div. 399.

Supreme Court of Alabama.

Feb. 18, 1937.

Harvey A. Emerson, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

229 Ala. 194, 155 So. 687; American Rwy. Express Co. v. Summers, 208 Ala. 531, 94 So. 737; Elliott v. Caheen Bros., 228 Ala. 432, 153 So. 613.

And in Gulsby v. Louisville and Nashville R. R. Co., 167 Ala. 122, 52 So. 392, 395, are the following observations here pertinent: "Appellant insists that the evidence was not sufficient to authorize the submission of probable cause vel non to the jury. The court below took the opposite view and so submitted the issue. Whether the plaintiff was in fact guilty of the offense is not a controlling inquiry on this issue. · McLeod v. McLeod, supra [75 Ala. 483]. The question is, Were the known (to the' prosecution) facts and circumstances sufficient, regardless of the unfavorable (to the state) event of the prosecution, to justify a reasonable and cautious man in believing the plaintiff guilty? The consequence necesarily is that a want of knowledge of sufficient evidence to convict the accused of the offense charged is not the test of probable cause vel non. And it is necessarily a corollary that the facts and circumstances known to the prosecution, and on which, under the doctrine of probable cause, he was authorized to act, need not be legally admissible evidence on the trial of the accused."

And in Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 310, 30 Am.St.Rep. 79, probable cause was defined as follows: "A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."

Bearing in mind these well-settled principles, we give them application to the facts here presented, omitting any detailed discussion. On Friday night, October 4, 1935, about 400 pounds of seed cotton were stolen from defendant Norton's barn, and an investigation was begun the next day upon discovery of the theft. Defendant and his neighbors tracked the automobile (similar to one owned by plaintiff), in which the cotton was removed, to the house of plaintiff's brother, Cooper Green, and the tracks of the tires corresponded with the make of tires on plaintiff's car. Two of defendant's neighbors were up with the sick on that night and saw only one car pass about 2 o'clock in the morning, going towards Cooper Green's house, with no lights, staying a while, and then

GARDNER, Justice.

There was verdict and judgment for defendant in this action of malicious prosecution, and plaintiff appeals.

The assignments of error relate to a few questions as to evidence, and the refusal of charge 1, requested by the plaintiff. Under the view here entertained, they need no separate treatment for the reason the conclusion has been reached that defendant was, upon the undisputed proof, due to be given in his behalf the affirmative charge duly requested. Approvingly quoted in Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651, 652, is the following from 2 Thompson's Trials: "No rule of law is better settled, both in England and in America, * * * than that in civil actions for damages for the malicious prosecution of a criminal action the question of probable cause is a question of law, which the judge must decide upon established or conceded facts, and which it is error for him to submit to the jury." See, also, United States Cast Iron Pipe & Foundry Co. v. Henderson, 22 Ala.App. 448, 116 So. 915, 917; McMullen v. Daniel,

back, turning into plaintiff's yard, when the lights were turned on. A few ˜minutes thereafter (3 o'clock in the morning) Cooper Green came down the road behind the car leading harnessed mules to plaintiff's house, where they were hitched to a wagon and later returned along the road. About daylight Cooper Green was seen approaching a crossroad with a load of cotton, and upon being seen, he stopped the wagon until the other party had passed. Two days thereafter Cooper Green approached one Welch, also a neighbor of defendant's, informing him he understood defendant thought he and plaintiff stole his cotton, and told him to ask defendant to wait a few days to see if he could get plaintiff to return the cotton or pay for it, and later told Welch that when he approached plaintiff, the latter would neither admit nor deny the theft; but that defendant had better take no steps against plaintiff, as he was mean enough to burn him out, and would steal anything he could get his hands on.

Numerous witnesses testified to plaintiff's bad character, and that he was known as a petty thief, and numerous instances were related wherein he was so accused or suspected.

The morning the investigation began, one Boozer informed defendant that plaintiff got his cotton.

As to the foregoing proof, that part in which defendant did not himself participate he was informed by others, and all of these facts and circumstances, including plaintiff's reputation as a thief, were brought to his knowledge before he had any warrant issued. All of these matters were undisputed, except an issue was presented by plaintiff's witnesses as to his general character. But there is nothing indicating that any such proof was brought to defendant's attention, his information as to his reputation being as above outlined. And not only so, but defendant knew of plaintiff's bad reputation, and had discussed it before these matters arose.

While plaintiff testified he was at home that night, and not on the road with his car, yet his further testimony is in substance that defendant had no information of any such fact. And, as previously observed, the question is what were the facts and circumstances known to the defendant, and were they sufficient, regardless of plaintiff's subsequent acquittal, to justify a

reasonable and cautious man in believing the plaintiff guilty?

We have made no effort at detail as to all the facts and circumstances, but the foregoing suffices as a general outline of the proof.

There is nothing in the record to reflect upon defendant's good faith in the investigation, nor in that of his neighbors who were assisting him in the effort to find the perpetrator of the crime, nor in the proof submitted to defendant; and we are persuaded that the information upon which defendant acted in procuring plaintiff's arrest sufficed to establish probable cause therefor, and that he was due the affirmative charge. McMullen v. Daniel, supra; Elliott v. Caheen Bros., supra; United States Cast Iron Pipe & Foundry Co. v. Henderson, supra.

There is no reversible error in the record, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.